Rogers *v.* Holly & Jarvis.

---

[350]　ROGERS and others, *appellants,* and HOLLY & JARVIS, executors, &c.

In a court of equity, where the granting or withholding of costs rests entirely in the *discretion* of the chancellor, *an appeal does not lie* from a decree in respect to costs.

It seems, that the provisions of the Revised Statutes on the subject of *appeals in relation to costs,* have not changed the rule of law which heretofore prevailed in that respect.

APPEAL from chancery. The appellants filed a bill in chancery to obtain an *injunction* to stay suits at law against them upon two promissory notes, one for the sum of $8000, and the other for $1457. The cause was heard upon pleadings and proofs before the vice-chancellor of the first circuit, who *dismissed the bill with costs.* An appeal was taken to the chancellor, who affirmed the decision of the vice-chancellor, except as to the sum of $631.21, which he was of opinion ought to be allowed as a *credit* on the notes, and he accordingly modified the decree of the vice-chancellor; but, in all other respects, affirmed it *with costs,* on the ground that there was no necessity for filing the bill on account of that sum, as it might have been *set off* in the suit at law. The appellants thereupon appealed to this court, as well *on the merits* as on the *question of costs.* Mr. *Justice* COWEN delivered an opinion in this court in favor of affirming the decree of the chancellor in *both respects.* Mr. *Senator* TRACY delivered an opinion in favor of a reversal of the decree, on the ground that the appellants ought to have been allowed a credit of $5000, which was disallowed by the vice-chancellor. The controversy between the parties resting chiefly in matters of fact, the case is reported solely in reference to the decision upon the question of costs.

The case was argued in this court by

*A. G. Rogers, & J. W. Gerard,* for the appellants.

*R. Sedgwick,* for the respondents.

[351]　After advisement, the following opinion was delivered:

By Mr. Justice COWEN. (After disposing of the case on the merits, proceeded as follows:) The case then comes down to that branch of the appeal which attacks the decree for general costs. I can only say, that as at present advised, I am hardly able to imagine a case in which this court ought to interfere with such a decree. (See *Cunningham* v. *Freeborn,* 11 *Wendell,* 257, 8, *per Nelson,* J.) It lies in the merest discretion of the chancellor; and it is perfectly well settled, that as a general rule, an appeal will not lie from a decree, where the chancellor has such a discretion to make or withhold it; and so long as the courts act upon reason and principle and analogy, they can do no other than apply this rule to a decree for general or final costs, depending on discretion. They always did do so. (*Winslow* v. *Collins,* 3 *Paige,* 89, *and the cases there cited. Per Bronson,* J., *in Rowley* v. *Van Benthuysen,* 16 *Wendell,* 372, 3.) It has certainly been taken for granted, that the Revised Statutes (2 *R. S.* 502, § 79) have enlarged the right of appeal, by extending it to such a decree. This was

Rogers v. Holly & Jarvis.

supposed in the two cases cited, and the revisors themselves have indicated in their *note* to the section cited, (3 *R. S.* 793, 2d ed.,) an intent to give the statute such an effect. If this be really so, I confess I can hardly see what this court have to do on such an appeal. The utmost they can say is, that the chancellor has decided one way, in a matter wherein the law gave him no direction; and we either agree or disagree, equally without rule. Wherever a discretion is allowed, that forms the law of the case; and if the party may come here by appeal, it seems to me he is but little better off than he was before.

But I must be permitted seriously to doubt whether the act does authorize an appeal from such a decree, in any case where it would not lie before. There are some cases, though very few I admit, in which an appeal would lie from a decree for final costs. Under the 2 *R. S.* 508, § 1, I think, that on dismissing a bill filed for mere discovery, the chancellor would have no discretion; and should he give costs to a plaintiff in such a bill, under any circumstances, it would be cause of appeal. Several other cases might, I think, be men- [352] tioned under that section, of a like character. The present chancellor holds, that all cases of a party discontinuing his own suit, or its being dismissed for want of prosecution, except he come in another's right, as if he be an executor or administrator, are equally within the statute. (*Hammersley* v. *Barker*, 2 *Paige*, 372.) He said the present statute intended merely to continue the old one. In all such cases, should a decree for costs be given to the wrong party, the other might appeal, because the case would not be within the reason of the rule. It is not a case of discretion, and the question might well be raised on appeal whether it were or were not within the statute.

Then there being already this right of appeal, the 2 *R. S.* 502, § 79, merely declares, that all appeals from decrees for the " general costs of the cause, shall be made within 15 days." It is a mere act of limitation, a restraint upon the right of appeal as it existed before, whatever that might be. I want an authority for saying that statutes, limiting the time for bringing an appeal or action or writ of error, shall add to the number of cases in which they may be brought. I think there office is altogether different. If, then, any statute is to be found authorizing this appeal, it is to be sought for elsewhere. The 2 *R. S.* 96, § 28, is the only one which can be relied on ; and most clearly, as was held in *Rowley* v. *Benthuysen*, that does not give an appeal from a decree, the mere offspring of discretion. I confess I have been unable to find any thing in our statutes to conflict with that case, or in other words, to conflict with reason and sound principle, which is the same here as it is at Westminster Hall. These declare that where an appeal is from an order or decree, relating to practice, and not touching the merits, or depending on mere discretion, it ought not to be heard. It is not, in the nature of things, the subject of appellate review ; and when the statute last cited says, " upon any order or decree of the court of chancery being brought by appeal," &c., this court shall examine it, the statute obviously is doing no more than directing what shall be done in a case properly finding its way here. It does not undertake to find the kind of decree which may be removed. [353]

In this respect, also, I think the decree of the chancellor should be affirmed.

If the appeal stood alone upon the costs, I think it would be our duty to *dismiss* it, as not within our jurisdiction. But as the appeal is general from the whole decree, the costs are rather presented as a mere erroneous point arising upon a regular appeal, and as such, may be properly dealt with by a general affirmance.

On the question being put, *Shall this decree be reversed?* the members of the court divided as follows:

*In the affirmative:* Senators DOWNING, LACY, PAIGE, TALLMADGE, TRACY WAGER—6.

*In the negative:* Mr. *Justice* COWEN, and *Senators* ARMSTRONG, J. BEARDSLEY, BECKWITH, FOX, H. F. JONES, LAWYER, LIVINGSTON, LOOMIS, MCLEAN POWERS, SEGER, VAN DYCK, WILLES—14.

Whereupon the decree of the chancellor was AFFIRMED.