The judgment of the court below should should be reversed and a new trial granted.

DENIO, J., did not hear the argument.

All the other judges concurring,

Judgment reversed and new trial ordered.

---

PULLMAN *against* W. and T. CORNING.

9    93
f165    595

A person who has engaged to build a house for another in a good, skilful and workmanlike manner, at a price to be paid when the work should be completed, but who has done it in a negligent, unskilful and unworkmanlike manner, cannot recover the price agreed to be paid, nor anything for the work done, when the person for whom it was done has neither accepted the work, nor waived a faithful performance of the contract.

APPEAL from a judgment of the supreme court in the seventh district, in favor of the defendant. (14 *Barb.*, 174.) The material facts in the case will be found in the opinion of JOHNSON, J.

The case was submitted on printed points by

*T. Hastings* for the appellant.

*M. S. Newton* for the respondents.

JOHNSON, J.  But two exceptions appear in this case. The first arises upon the plaintiff's' objection to the defendants' offer to prove that the house which plaintiff had erected was not as well built as the Phillips & Reynolds' house mentioned in the testimony.  The objection was put upon the ground that the witness was neither a mason nor an expert, and was overruled.  The only part of the witness's testimony which can be considered as given under this offer, is his statement that the compactness of the work in the building erected by plaintiff would not compare with the Reynolds building.  I do not see that either a mason or an expert was required to speak to this point.  A man with eyes was competent to make the comparison and speak to the fact which building was the more compact.

The other exception is taken to the statement of the witness *Town*, who said that he should not think the wall worth covering ;  and that the materials were worth more than the wall.  This expression of opinion was objected to only upon the ground that witness was not a mason.  It appeared that he had been a carpenter and house joiner by trade for twenty-two years, and had worked some on stone buildings, some on brick and some on cobble-stone, but mostly on wooden buildings.  Under these circumstances I do not think he was less competent to express an opinion whether the wall was worth covering, or of less value than the materials employed in building it, than a mason would have been.  Upon neither of these exceptions ought the report to be disturbed.

The report of the referee finds certain facts specially; upon which, as matter of law, judgment has been given for the defendant.  To these determinations of law no exceptions appear, by the record, to have been taken as required by the Code of 1848, under which the case was tried, (§§ 223, 227), though there is a statement that something of that sort was done, contained in the printed case, without, however, any specification of the exceptions.  Under these

circumstances we are hardly warranted in looking into the questions sought to be presented. The referees have found, taking their two reports together, that the defendants made a special contract with plaintiff to build them a cobble stone building out of materials furnished by defendants in a good, skilful and workmanlike manner, at a price to be paid when the work should be so completed. That the plaintiff performed the work in so unskilful, negligent and unworkmanlike a manner, that the walls are cracked, warped and unsafe, and cannot be made good and safe without taking down and rebuilding two-fifths of the same. That defendants have not accepted the work, nor waived a faithful, skilful and workmanlike performance of the contract.

They also found the value of the good wall, exclusive of materials, to be,..................... $161 60

The expense of taking down the bad wall,.... 57 00

$104 60

That plaintiff did extra work on the building for defendants to ...................... 4 40

Making the whole value of the plaintiff's work to the defendants, ...................... $109 00

subject to a deduction of such damages as defendants may have sustained by loss of the use of the building. If under these circumstances the plaintiff, who has substantially failed to perform his contract, and who does not even manifest a willingness to complete his undertaking by replacing his bad work with good, can compel the defendants to accept his work and pay for it what a jury shall say it is worth, it is not a little extraordinary.

In *Champlin* v. *Rowley* (18 *Wend.*, 187), it was held that where personal property was delivered under a contract for the purchase of a larger amount than that delivered, at a price to be paid on the complete delivery, and there was no fault, acquiescence or waiver of strict performance on the

part of the vendee, the vendor could not sustain an action against the vendee for any compensation for the part delivered. The chancellor, who delivered the only opinion, considered the case of *Britton* v. *Turner* (6 *New Hamp.*, 481), the doctrine of which would sustain the plaintiff's case here, and held it not to be in accordance with the law of this state.

The other cases in this state to which we were referred as sustaining the plaintiff's claim do not conflict with *Champlin* v. *Rowley*. *Linningdale* v. *Livingston* (10 *John.*, 57) went upon the ground that performance had become impossible by the act of the defendant. *Jennings* v. *Camp* (13 *John.*, 94) decidedly favors the defendants' position, and is not reconcilable with the plaintiff's recovery.

*Jewell* v. *Schroeppel* (4 *Cow.*, 564) was put upon the ground that the defendant had by his conduct waived all right to object to the plaintiff's performance on the ground that the work was not done in time. In the case at bar it is on the contrary found that no waiver existed.

The foreign cases cited are no more available. *Oxendale* v. *Wetherell* (9 *B. & Cr.*, 386) was overruled expressly in *Champlin* v. *Rowley*; and *Hayward* v. *Leonard* (7 *Pick.*, 181) and *Smith* v. *Lowell* (8 *Pick.*, 178) stand upon the same ground with *Britton* v. *Turner*.

In *Mead* v. *Degolyer* (16 *Wend.*, 632), all the cases up to that time are carefully considered; and although COWEN, J., dissented from the opinion of the court by BRONSON, J., yet both the judges agreed in their views of the law upon the point we are considering. This case occurred intermediate to the decisions of the supreme court and the court of errors in *Champlin* v. *Rowley*, and is valuable as showing that all the cases had been there considered.

Without spending more time upon the point, which we consider clear upon authority, we are of opinion that no recovery can be had for work done under a special contract, where the work has neither been accepted, nor a faithful,

Pullman *against* Corning.

skilful and workmanlike performance of it waived, unless the party seeking to recover can show a performance of the contract.

The judgment ought to be affirmed.

TAGGART, J. In this case substantial justice has been done to the parties, and it devolves upon the court to determine whether such justice has been meted out in accordance with the rules of law. The plaintiff contracted to put up the walls of a cobble stone house which the defendants designed constructing, and to put them up in a workmanlike manner and within a specified time. He did put up the walls within the time specified, but failed to do so in a workmanlike manner; but on the contrary, he constructed the same in so unskilful, negligent and unworkmanlike a manner, that by reason thereof the walls are cracked, warped and unsafe, and cannot be made good and safe walls without taking down and rebuilding two-fifths of the same.

The rule which requires a party for whom a piece of work is to be done to accept the work in a state unfit for use, and to be at the trouble and expense of remodeling the work, and paying for what has been done (deducting the damages), is in many cases unjust and oppressive to the employer. Yet the opposite rule, viz., to reject the claim of the contractor entirely, might in many cases work great injustice. It is therefore difficult to draw the dividing line so as to establish any rule which shall be free from objection. Where the contract has not been substantially performed, the contractor cannot recover. Where it has been performed, but not in the time or manner specified, he can recover what the services are worth to the other party, according to the price fixed by the contract; and the employer is compellable to pay for work which he is reluctant to use and ought not to be compelled to use. In a case such as this appears to be from the finding of the referee and the evidence, many men would greatly prefer the materials

before they were made into the walls, to having the wall as laid. Yet it appears in evidence, and by the supplemental report, that the value of the wall, after deducting the costs of putting it in a condition fit to be used, is $104.60.

The case of *Jewell* v. *Schroeppel* (4 *Cow.*, 564) is the leading case in this state as to the right of the plaintiff to recover, where the work has been performed, but not in pursuance of the agreement. In that case, however, the agent of the defendant had accepted the work as completed, and did not object that any part of it was defective. In reference to the evidence on that point, Mr. Justice SUTHERLAND, who delivered the opinion of the court, says: "I am inclined to think that this testimony, connected with other circumstances in the case, would authorize a jury to believe that a special agreement, of the nature stated in the declaration, was in fact made, but at all events it strengthens and confirms the plaintiff's right to recover under the common counts. If the defendant intended to rescind the contract it was his duty then to have spoken." In the case at bar it is expressly found by the report of the referee, that the work was not accepted.

The case of *Pike* v. *Butler* (4 *Comst.*, 360) is more like this case than any other we have found. A lease executed by Thomas C. Butler as lessor, and Elizabeth Parcels as lessee, contained a covenant on the part of the lessor, that if the lessee should erect upon the lot a brick dwelling-house corresponding in elevation with the house then on the premises, the lessor at the termination of the lease, or at the end of the second term if renewed, would pay to the lessee the value of the building, to be ascertained by three appraisers, not to exceed $2500. A brick building was erected on the premises, designed to be used and occupied as a cabinet-maker's shop, and not corresponding in height with the dwelling already on the premises, but the building so erected was capable of being converted into a dwelling, according to the require-

ment of the lease, without any considerable delay or expense. The building was used as a cabinet-maker's shop till the expiration of the lease. The plaintiff filed his bill to compel payment of the value of the building so erected. The bill alleged, among other things, that the defendants by their conduct induced the plaintiff to believe that the building, although not erected and completed as a dwelling, according to the terms of the lease, was nevertheless satisfactory to them, and that they would pay him the value thereof, until it was too late for him to convert it into a dwelling according to the contract. Held, that the plaintiff was not entitled to the relief sought.

If, therefore, a building capable of being converted into a dwelling-house, according to the requirements of the lease, without any considerable delay or expense, as in the case of *Pike* v. *Butler*, does not authorize the court to grant relief, it is clear that the plaintiff in this case, who has constructed the walls in so unskilful, negligent and unworkmanlike a manner, that by reason thereof they are cracked, warped and unsafe, and cannot be made good and safe walls without taking down and rebuilding two-fifths of the same, is not entitled to recover, but, on the contrary, he should be dealt with precisely as though he had built but three-fifths of the walls in question. The contract was only three-fifths performed, and the plaintiff is not entitled to recover for what he has done. But it is said that the referee finds that the plaintiff performed extra work for the defendants to the value of $4.40, and the plaintiff was at least entitled to judgment for that sum. It does not appear whether the extra work was performed on that part of the work which it was necessary to have taken down, or on the other part. If on the former, the extra work was of no value, and we will intend, in support of the judgment, that it was upon that part.

The objection to the testimony is not well taken. The witness Rich did not testify to any opinion on the subject,

and the other witnesses were all experts and their opinions were admissible.

The judgment should be affirmed, with costs.

DENIO, J., *did not hear the argument.*

All the other judges concurring in the above conclusions,

Judgment affirmed.