### John F. Cunningham *v.* David Jones.

In a proceeding to enforce an alleged lien under the act for the better security of mechanics and others, it appeared, that the owner of land agreed with a contractor to erect thereon an addition to a building; that no stipulation was made in respect to the price or terms of payment, except that the construction should be accomplished by days' work; that the contractor proceeded therewith, but absconded before the building was inclosed. *Held*, that a subcontractor was without remedy, under this statute, for materials furnished by him and employed in the unfinished erection.

*Held*, further, that the contract was entire, and that the contractor was not entitled to any payment from the owner for the value of the part performance.

A voluntary payment on account does not alter the legal effect of such a contract,

and render the owner liable for the value of the work left unfinished by the contractor.

The rule that where there has been a substantial compliance, the contractor may enforce payment with a reasonable reduction, does not apply to cases where the work is abandoned in a grossly unfinished state.

The right of subcontractor to recover against the owner, under the lien law, depends upon the possession, by the contractor, at or subsequently to the filing of the lien, of a claim which the latter could himself enforce.

GENERAL TERM, APRIL, 1857.

ACTION under the lien law of 1851, by a sub-contractor, to enforce an alleged lien for the value of materials furnished in pursuance of an agreement with a contractor, and in conformity with a contract entered into by the latter with the defendant, an owner of real estate.

The usual proceedings having been taken to acquire and enforce a lien, issues were joined upon complaint and answer, and the cause was referred for trial. The referee, after hearing the proofs and arguments of counsel, reported, in substance.

That in the year 1853, the defendant, being the owner of the premises in the complaint mentioned, contracted with George W. Burwick, a builder, to erect thereon a certain addition to his brewery then upon the said premises.

That the contract was by parol, without any stipulation or agreement in respect to the sum to be paid to Burwick or the times of payment, excepting that the labor was to be performed by days' work.

That Burwick entered upon the work, purchasing the materials in his own name for the building in question, and directing them to be delivered upon the premises.

That during the progress of the work, and in the months of September and October, 1853, the plaintiff, in pursuance of an agreement with Burwick, and in conformity with the contract between Burwick and the defendant, furnished certain lumber, timber and materials for the building, which were delivered at the premises and used in the erection.

That afterwards, and before the building was completed, and in the latter part of October, 1853, Burwick absconded, and dis-

continued the work, but leaving his workmen still employed and at work thereon. And the building was then taken in hand and completed by the defendant.

That on the third day of November, 1853, the lien in this case was regularly docketed; whereby the plaintiff claims the sum of seven hundred and six dollars and eighty-three cents, as the value of the materials so furnished by him.

That before the docketing of the lien, Burwick had performed work and labor upon and furnished materials for the building to the amount and value of more than twelve hundred dollars, and that the defendant had paid him, on account thereof, the sum of four hundred dollars, and no more.

That no lien prior to the plaintiff's lien in this case was docketed against the premises.

And that the actual value of the materials, etc., so furnished by the plaintiff, including cartages, was six hundred and seventy-seven dollars and ninety-nine cents, and that no part of this has been paid to him.

Some deductions were made from the plaintiff's claim, as set forth in the bill of particulars.

The referee then found, as conclusions of law, that at the time of the docketing of the lien, there was owing from the defendant to the said Burwick for the said work, labor and materials, a sum exceeding eight hundred dollars; that under the provisions of the statute the plaintiff was entitled to effect a lien upon the premises in question, for the amount and value of the materials, etc., so furnished by him, and that the lien of the plaintiff was a valid and subsisting lien, etc.

A judgment or decree of sale having been entered upon the report, the defendant appealed to the general term.

*Joshua Coit*, for the defendant, made and argued the following points:

I. The contract not being in writing, and there being no evidence as to its terms, they are to be gathered from the allegations in the pleadings. The complaint alleges that the contract

was for building an addition to a brewery belonging to the defendant. The answer, admitting the contract, alleges that it required the building and completing the addition to the brewery before the payment therefor became due. The testimony shows that Burwick, the contractor, abandoned the work, leaving the job unfinished.

II. The statutory lien only operates as a transfer to the laborer, or person furnishing materials, of the contracors' claim against the owners, or so much of it as may be requisite. (*Sullivan* v. *Brewster*, 1 E. D. Smith, 209.)

III. Burwick was entitled to no payment until he had completed the job he had agreed to perform.

1. The agreement being to perform a certain piece of work, the law imposes an obligation to pay *quantum meruit*, when the work was performed. (Chit. on Cont. 19, 736, 5th Am. ed.; 2 Kent Com. 509; *Champlin* v. *Rowley*, 13 W. 258, *S. C.* in error, 18 W. 187; 2 Hare & W. notes to Smith's leading cases, p. 12; *Pullman* v. *Corning*, 14 Barb. 174.)

2. Burwick having voluntarily abandoned the job, and broken the contract on his part, could not enforce its performance by the other party. (1 Chit. on Pl. 349; *Jennings* v. *Camp*, 13 J. R. 94; *Stephens* v. *Beard*, 4 Wend. 604; *Faxon* v. *Mansfield*, 2 Mass. 147; *Stark* v. *Parker*, 2 Pick. 267; *Kettle* v. *Henry*, 21 Vermont, 301.

3. The value of the work and materials bestowed by Burwick on the job, at the time he abandoned it, are not, legally or equitably, a charge against the owners, even if Burwick were at liberty to sue on a contract which he had broken on his part, and voluntarily abandoned.

IV. The plaintiff, standing in no better position than Burwick, can recover nothing in this action.

*M. W. Harrington* and *Edwin W. Stoughton*, for the plaintiff, made and argued the following points:

I. The evidence offered by the defendant to establish a recoupment of damages suffered by him by reason of Bur-

wick's abandonment of another contract between him and the defendant, was inadmissible, and was properly excluded by the referee. The contract proposed to be proved had no connection with the contract for the brewery in question. The damages proposed to be proved were unliquidated, and wholly speculative. To allow the evidence would be to put the plaintiff upon the trial of an issue entirely foreign to the matters in controversy, an issue not made by the pleadings, and one which the plaintiff, having no connection with, or knowledge of the facts involved therein, could not properly try. It would not have been admissible under any system of pleading, either as a set off or by way of recoupment. The evidence, if admitted, would not establish a set off, because the damages were unliquidated, the amount was not ascertained. Nor would it entitle the defendant to recoup, because the damages arose out of a contract wholly different from, and unconnected with, the contract in question. It is unnecessary to cite cases upon propositions so familiar.

II. The evidence shows that the carpenter's work for the addition to the brewery was what is called a day's-work job. The contractor was, therefore, entitled to payment for the materials, when furnished, and for the work, every night, or every Saturday night, if the usage of mechanics is to govern. See the testimony. It is true that the defendant sets up, in his answer, that the contract was for the entire completion of the building, and that no payment became due, because Burwick never did complete it. There is no evidence to support this allegation; but there is evidence to the contrary.

The defendant proved, and the referee found, that the defendant had paid four hundred dollars to Burwick on account of the job, before the lien was docketed. Thus the defendant, by his own deliberate acts, repels the interpretation now sought to be given to the contract.

The complaint alleges—what the answer does not deny—that at the time of docketing the lien, work had been done and materials furnished upon and for the building, to the amount of about $2,200. The evidence was, and the referee found, that

Cunningham° v. Jones.

the amount was more than $1,200, and that the defendant had paid but $400.

Who shall have the balance? It is true, the defendant alleges that he sustained loss and damage by reason of Burwick's leaving the work, but he proves nothing of the kind. On the contrary, the evidence is, that the same workmen continued under the defendant's direction, and completed the work; thus forbidding the idea of damages.

It will not escape the attention of the court, that it was in the power of the defendant to prove the exact nature of the contract, and also any damages he sustained by reason of Burwick's leaving the work unfinished; but he has given no evidence on these points. It was not the duty of the plaintiff to prove the contract, nor could he in the nature of things. He did what he was bound to do, and all he could do. He proved the work done, and materials furnished, and the value thereof; thereby raising a presumption of indebtedness, which the defendant was bound to rebut, or be charged. No evidence whatever was given even tending to rebut that presumption.

III. If the defendant stands upon the technical proposition that the contract being to complete the entire building, nothing became payable because the contractor did not complete it; surely it lies upon him to prove that such *was* the contract. No such contract can be presumed; the presumption of law is against it. It is that the contractor is entitled to payment for what he had done and furnished. Nothing can be clearer than this.

By THE COURT. INGRAHAM, FIRST J.—The plaintiff seeks to recover from the defendant under the mechanics' lien law for work done by him for the contractor with the owner.

The referee has found—

That the defendant (the owner) made a contract with George W. Burwick to erect on his land an addition to his brewery.

That there was no stipulation in respect to the sum or price to be paid except that the labor was to be by days' work.

That the plaintiff did furnish the materials as claimed by him.

And that before the building was completed Burwick absconded and discontinued the work.

From the evidence, it appears that the work was abandoned before the building was inclosed.

The right of the plaintiff to recover depends upon the question whether the contractor had a claim which he could have enforced against the owner at any time before he absconded. If there was nothing then due from the owner, there is no fund out of which the claim can be collected from the defendant.

If there was any contract in the case (as to which I express no opinion, the referee having found that there was one) it was an entire contract, and not divisible as to the time of payment. The agreement was, to erect an addition to a building without any specification as to the time of payment. The law in such case requires the whole work to be done before the contractor can call for his payment.

A mere voluntary payment on account does not alter the rights of the parties. Performance of the entire contract was a condition precedent to payment, and the plaintiff was bound to show such performance before the defendant became liable to make payment to the contractor. (*McMillan* v. *Varderlip*, 12 J. R. 166; *Jennings* v. *Camp*, 13 J. R. 94; *Faxon* v. *Mansfield*, 2 Mass. R. 147; *Stephens* v. *Beard*, 4 Wend. 604; *Mead* v. *Degolyer*, 16 Wend. 635; *Champlin* v. *Rowley*, 18 Wend. 187; *Mains* v. *Haight*, 14 Barb. 76.)

There are cases where a substantial compliance has been held sufficient to take the case out of the rule, but I know of no case where that has been extended to cases of contracts left half-finished, and exposing the contracting parties to serious loss and injury from such abandonment. In the language of Judge Spencer: "It was never intended to embrace the case of a willful dereliction of the contract when partly executed by one of the parties without the assent and against the will of the other."

In *White* v. *Hewitt*, 1 E. D. Smith, 395, this question distinctly arose, and the court say: It is not law that a party contracting to perform a specific job may prosecute it so far as he

thinks proper, and then abandon it unfinished without the fault or assent of the party with whom he contracts, and then sue and recover for so much labor as he has chosen to devote to the undertaking. (See also *Neville* v. *Frost*, 2 E. D. Smith, 62.)

The omission to state the compensation in the contract does not alter the rule. The defendant would be bound to pay what the work and materials were worth, but he had a right to insist that the contract should be first completed. If the contractor wanted any other terms of payment, he should have stipulated for them in his contract.

The judgment should be reversed.

Judgment reversed, and cause referred back to the referee; costs to abide the event; and either party to be allowed to produce further testimony.