# WILLIAM A. HUSTED AND SELAH C. CARLL *v.* DANIEL H. CRAIG.

### *Contract must be performed entire— When?*

Where there was a contract to furnish, cut, fit, and put down in defendant's house, the carpets and oil-cloths at a stipulated price, the contract is entire; and to entitle the Plaintiff to recover he must perform the whole contract in a skilful and workmanlike manner.

If he fail in respect to one or two of the rooms, he cannot recover as to any.

BOCKES, J.—The jury were at liberty to find, from the evidence, that the contract was entire, to furnish and put down the carpets and oil-cloths in the Defendant's house at Peekskill, for the price agreed on.

Such contract would carry with it the tacit condition, imposed by law, that the articles selected should be put down in a proper manner. The condition, conceding the contract to have been as above stated, was a very important one, for the value of the property to be delivered depended, in a great degree, on its due execution. The question is whether there was evidence from which the jury could have found that the contract was entire—to furnish and put down the articles stated, in Defendant's rooms. Mr. Husted, one of the Plaintiffs, testified that Mrs. Craig, who made the purchase, stated "that she would make the bill with us, provided we would take them to Peekskill and put them down without expense. I told her that was not customary; however, I said I would do it, if she would be ready for them before our busy season commenced." He also stated that she finally decided on the patterns, and that the bill was $535.33. There was other evidence on this point, but none changing the contract, as given by the Plaintiff himself. That such was the agreement is substantiated by the action of the parties under it.

The Plaintiffs immediately obtained the dimensions of the rooms, cut and sewed the carpets, and proceeded to lay them, with the oil-cloth, in the Defendant's house. On this evidence the jury might well have found—indeed, should have found,

unless explained, modified, or contradicted by other proof—that the contract was entire, to furnish, prepare for laying, and put down the carpets and oil-cloth in the Defendant's house.

But even if there were other facts in the case tending to explain or modify the Plaintiff's testimony, still the question was for the jury whether such was the contract.

It was insisted, on the part of the Defendant, that the articles were improperly cut and made, and did not fit the floors for which they were designed. This was admitted as regards two of the rooms, and the Plaintiffs withdraw all claims for those two carpets. The Defendant refused to accept any, and immediately returned all on deposit, subject to the Plaintiffs' order. In this condition of the case, the Defendant asked the Court to charge the jury, in substance and effect, that if they should find the contract to be entire to furnish for the Defendant's house all the goods for which the Plaintiffs claimed to recover, and that one or more of the articles furnished was made and laid in such an unskilful and unworkmanlike manner as not to entitle the Plaintiffs to recover for it, the Defendant was justified in returning the goods and Plaintiffs could not recover; also, that if the jury should find that the contract was entire, it being admitted that the Plaintiffs were not entitled to recover for two of the carpets furnished, by reason of the unworkmanlike manner in which they were laid down, the Plaintiffs could not recover. These instructions were refused, and on the ground that there was no evidence that the contract was entire. In this there was error. There was evidence, as we have seen, if indeed not conclusive evidence, that the contract was entire, to furnish, cut, make, and lay down the articles in the Defendant's house; and under such contract the Plaintiffs would be bound to cut, make, and lay them in a skilful and workmanlike manner.

If they had undertaken so to do, they were bound to performance, as in any other case of executory contract, before they could recover the contract price.

According to the Plaintiffs' evidence, they had undertaken to do in this case what was not customary on a sale of floor furni-

ture. Mr. Husted says: "Mrs. Craig said she would make the bill with us, *provided* we would take them to Peekskill and put them down without expense. I told her that was *not customary;* however, I said I would do it."

Accepting this as the contract—and the jury were certainly authorized to hold the Plaintiffs to their own statement of the case—the fitting the carpets to the rooms and putting them down were a material part of it, to be performed in a workmanlike manner—that is, with ordinary skill.

If the contract was entire, the Plaintiffs were not entitled to recover (no part having been accepted), without a delivery or an offer to deliver all the articles contracted for, in the condition required by the contract (1 Baker *v.* Higgins, 21 N. Y. 397; Shields *v.* Pettie, 4 N. Y. 122; Smith *v.* Brady, 17 N. Y. 173; Pike *v.* Butler, 4 N. Y. 360; Pullman *v.* Corning, 9 N. Y. 93).

As the case is now presented the Plaintiffs should have been nonsuited.

In the most favorable aspect for the Plaintiffs the case should have been submitted to the jury with instructions substantially as stated in the Defendant's request.

The judgment of the General Term and of the Special Term must be reversed, and a new trial granted—the costs to abide the event.

All concur, except Scrugham, J., who expressed no opinion.

Reversed.