By the Court:

Spencer, J.
I hold that theré was error in the charge, and the verdict.
This contract' was for fifteen barrels of oil—no more, no less— and until that amount was delivered under the contract plaintiff could recover no part of the contract price. This contract was an entirety and was not divisible.
Mr. Justice Monell, in reviewing the case of Flanagan v. Demarest (3 Robertson, 183), states very clearly and forcibly the rule of law applicable in this case: “ It is well settled in this State that a vendor of goods cannot recover either the contract price nor on a ‘ qua/ntum meruit ’ for a part of the goods delivered, even although accepted by the vendee. The reason of *271 the rule is that full performance of such contracts by the vendor is a condition precedent, and must be averred and proved.”
This principle of law was announced as applicable to contracts for personal services in the Supreme Court of this State, in the case of McMillan v. Vanderlip (12 Johnson, 165), wherein Chief-Justice Spencer reviewed, and criticised, and corrected the decisions of the English courts, which were then favoring recoveries on a quantum meruit, where the contract had not been fully fulfilled. The judge says of the rule adopted in these English cases: “ The rule contended for holds out temptations to men to violate their contracts.”
In the case of Champlin v. Rowley (13 Wend., 260), Judge Nelson applies the rule enunciated in McMillan v. Yanderlip to contracts for the sale and delivery of property, and says in relation to the case before him: “ The plaintiff assumed to deliver the whole quantity of hay, previous to the last run of the sloops, and he must abide the consequences of his default. We know that it was possible to have performed the contract on his part. The case falls within principles familiar in this court which inculcate the observance of good faith in the fulfilment of contracts,” and he also notices the English cases with disapproval. The principles in these cases were, affirmed in the Court of Errors (18 Wend., 187), and they have been followed and sustained by the courts of this State to the present time.
The judgment must be reversed and a new trial ordered, with costs to abide the event.