SAMUEL HAND AND MATTHEW HALE, RESPONDENTS, *v.* WALTER S. CHURCH, APPELLANT.

39h 303
52ad190

*Evidence — when a witness may express his opinion as to the value of professional services rendered by an attorney — interest — when it will commence to run on unliquidated demands.*

Upon the trial of this action, brought to recover the value of professional services rendered by the plaintiffs, as attorneys-at-law, to the defendant in litigations in which he was interested, the defendant was called as a witness, and was asked what in his opinion was the fair value of the services rendered by the plaintiffs in one of the said actions. He, witness, testified that he was not a practicing lawyer ; that he had been admitted to the bar of the Common Pleas in Allegany county ; that he had aided in the trial of his own cases and in cases in which he had been the agent of others ; that during thirty years he had had upwards of 2,000 cases in which he had an interest, mainly actions of ejectment or upon covenants in leases; that for thirty years he had knowledge of the amount of charges rendered by and paid to attorneys and counsel for services, including charges made by the present plaintiffs in cases other than his own, and a pretty good general knowledge of the subject.

*Held,* that it was error to refuse to allow him to testify on the ground of his incompetency to testify as an expert.

The referee allowed interest upon the whole amount of the recovery from the time of the presentation of a bill therefor to the defendant in 1876. It appeared that at or shortly after the said bill was presented it was agreed between the parties that the defendant admitted his indebtedness for the items therein contained subject to modification and correction as to the amount of the charges. Upon the trial the defendant disputed the amount charged in three items aggregating $1,900.

*Held,* that as to these items the interest should have been limited to the date of the commencement of the action.

That upon the undisputed items interest was properly allowed from the time of the presentation of the bill.

APPEAL from a judgment in favor of the plaintiffs, entered in Albany county upon the report of a referee.

The action was brought to recover on an account for services as attorneys and counselors-at-law, rendered by the plaintiffs to the defendant. No question was made as to the rendition of the services. The defendant's contention was, that an arrangement existed between the parties which precluded the plaintiffs from making certain of the charges; that certain of the charges were excessive ; and that the plaintiffs were not entitled to interest upon the items in dispute.

*S. W. Rosendale*, for the appellant.

*Hale & Bulkley*, for the respondents.

LANDON, J.:

Among the items for which the plaintiffs sought recovery was a charge of $1,000 for services in the case of *Van Leuven* v. *Church.* The defendant, as a witness in his own behalf, after giving an account of the action and of the services rendered by the plaintiffs in it, was asked, " What, in your opinion, is the fair value of the services rendered by the plaintiffs in that action ?" The plaintiffs objected that the witness was incompetent to give an opinion. The witness was then examined as to his competency, and he testified that he was not a practicing lawyer; that he had been admitted to the bar of the Common Pleas in Allegany county ; that he had aided in the trial of his own cases and in cases in which he had been the agent of others ; that during thirty years he had upward of two thousand cases in which he had an interest, mainly in actions of ejectment or upon covenants in leases ; that for thirty years he had knowledge of the amount of charges rendered by and paid to attorneys and counsel for services, including charges made by plaintiffs in cases other than his own, and a pretty good general knowledge of the subject. The referee sustained the objection and the defendant excepted. This we think was error. The competency of the witness did not necessarily depend upon his being a lawyer, but upon the fact whether he had been so instructed by experience as to have peculiar sources of knowledge to guide him upon the subject of the value of these professional services, fitting him to answer with more accuracy than others. (*Clark* v. *Baird*, 9 N. Y., 190; *Pullman* v. *Corning*, 14 Barb., 179; S. C., 9 N. Y., 93; *Clark* v. *Bruce*, 12 Hun, 274; *Woodward* v. *Bugsbee*, 2 id., 128.) Other persons besides professional men have knowledge of the value of professional services. (FIELD, J., in *Head* v. *Hargrave*, 105 U S., 49.) We do not see why those who often procure and pay for such services should not acquire by experience considerable knowledge of their value. It may not be perfect, but the courts do not insist upon the highest knowledge as the test of competency. (*Hammond* v. *Varian*, 54 N. Y., 398; *Roberts* v. *Johnson*, 58 id., 613 )

We think the referee erred in allowing interest upon the entire

account rendered by the plaintiff to defendant, July 17, 1876, from that date. The subsequent transactions of the parties with reference to the bill repel the idea that it became an account stated with respect to the items defendant chose to dispute. One of the plaintiffs, September 30, 1878, referring to the bill, asked the defendant if it was not convenient to pay the bill to give some acknowledgment of it. The defendant answered that he had not taken time to examine the bill and did not know that all the charges were right. The plaintiff then said he would draw the acknowledgment in such a way as not to preclude the defendant from questioning the amount. The plaintiff then drew the following memorandum upon the copy of the bill and the defendant signed it:

"I hereby acknowledge my indebtedness to Hand & Hale for the items of within bill, subject to modification and correction as to amount of charges.

"WALTER S. CHURCH.

"Dated *September* 30, 1878."

Whatever presumption might arise from the rendering of the bill by the plaintiffs to the defendant, and the defendant's failure to object to it within a reasonable time, was controlled by the arrangement between the parties. The defendant thereby acknowledged his indebtedness upon account of every item of that account, and in consideration thereof had conceded to him by the plaintiffs the privilege to correct and modify the amount claimed for every item which he might choose to dispute. He claimed and exercised that privilege as to items aggregating $1,900. The amount of these items remained unliquidated until determined by the trial. The charges were for counsel fees. The defendant could not, as in the case of articles of merchandise, have recourse to a fixed market value to ascertain the amount of his indebtedness. In *Adams v. Fort Plain Bank* (36 N. Y., 255), and *Mygatt v. Wilcox* (45 id., 306), it was held that interest could be recovered in an action by an attorney upon his account for services. But, as pointed out in *White v. Miller* (78 id., 393), and in *Gallup v. Perue* (10 Hun, 525), the account appears to have been substantially liquidated, the liability to pay alone being litigated. In the case last cited interest upon an attorney's account was refused. No bill, however, had been presented. Here, as in *Smith v. Velie* (60 N. Y., 106), there

was no agreement as to the measure of compensation of the items in dispute, and there was no fixed market value by which the rate of compensation could be determined. In that case interest was not allowed, even from the date of the commencement of the action. In *McCollum* v. *Seward* (62 id., 316) interest was allowed upon an unliquidated account for services rendered from the commencement of the action. Also, in *Mercer* v. *Vose* (67 id., 56). In *White* v. *Miller*, these and other cases are reviewed, and it is objected that if the claim is so unliquidated and uncertain that a demand cannot set the interest running, that the commencement of an action, which is also a demand, cannot set it running. That, however, was an action sounding in damages.

It was not pointed out why a plaintiff who establishes his right to recover upon an account cannot have his recovery as of the date of the commencement of the action; interest would seem to be his due, in order to effectuate such recovery. As to three items mentioned, we think the interest should have been limited to the date of the commencement of the action. The balance of the items in the same bill, however, does not appear to have been ever disputed, either as to the amount or the right of recovery. The amount of these items was, therefore, payable when the bill containing them was first presented. The referee properly allowed interest upon them from that date. The other objections of the defendant do not call for special remark.

The judgment should be reversed and a new trial granted, reference discharged, costs to abide the event.

BOCKES, J., concurred; LEARNED, P. J., not acting.

Judgment reversed, new trial granted, referee discharged, costs to abide event.