## MING et al. v. CORBIN.

*(Supreme Court, General Term, First Department.   July 18, 1890.)*

CONTRACTS—PERFORMANCE.

> Defendant entered into a single contract for the purchase of bonds and warrants from plaintiffs. The bonds only were delivered, though defendant told plaintiffs to send the warrants, and insisted on their delivery, as he had sold them. *Held*, that the fact that defendant paid a portion of the purchase price of the bonds did not amount to a severance of the contract, and plaintiffs could not recover the balance of such purchase money without a delivery of the warrants.

Appeal from circuit court, New York county.

Action by John H. Ming and Charles K. Wells against Austin Corbin. There was a judgment on a verdict for plaintiffs, and an order denying a motion for a new trial, and defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*William J. Kelly,* for appellant.  *Morgan & Worthington,* for respondent.

BRADY, J.   This action was brought to recover a balance due upon the sale and delivery of certain bonds issued by the county of Lewis and Clark in the territory of Montana.   The defense was that the plaintiff sold and agreed to deliver to the defendant not only the bonds, but certain "convertible warrants," so called, of the treasury of Montana; that the contract was entire, including the sale and purchase of both classes of securities, and not for the purchase of either separately; and that the plaintiffs, having only delivered the bonds, were not entitled to recover.   The defendant also set up as a counter-claim the alleged damage sustained by the non-delivery of the territorial warrants. The sale to the defendant was effected through the instrumentality of one Sherwood, who was the agent of the plaintiffs for that purpose, and after the sale instructed the plaintiffs by telegraph to ship the bonds, but that the warrants could not be used unless they could be bonded in June.   The plaintiffs thereupon shipped the defendant the bonds, and wrote to Sherwood, describing the warrants held by them, and saying. "If you want the warrants you must let us know."   It appears that the defendant supposed that the bonds bore 15 per cent. interest, but upon the receipt of the bonds sent him, finding upon examination that they only bore 12 per cent. interest he wrote to plaintiffs, referring to his understanding on the subject, but offered to accept the bonds tendered at a price much less than 85 per cent. of principal and accrued interest, which amount he placed to the plaintiff's credit, subject to their check on him at sight.   The offer was accepted by the plaintiffs, and they drew $3,500 of the amount, leaving still due them $841.77, which they sought to recover in this action.

The learned justice presiding arrived at the conclusion, and so ruled, that the receipt of the bonds was a severance of the contract, and that the defend-

ant had no cause of action for the warrants. In this it is thought he was mistaken. There was no reason why the bonds should not be accepted with a reservation of the right to the warrants to be subsequently delivered, provided that arrangement was acceptable to the plaintiff. The correspondence between the parties shows conclusively that it was understood that the warrants were not abandoned, and that no arrangement had been made to that effect. We find, for example, that in a telegram sent by defendant to the plaintiffs, dated, New York, April 9, 1872, he says: "Send the 51 territorial warrants. County bonds not yet arrived." Again, upon the 22d of April, he says, "I have sold the territorial warrants, and must insist upon delivery." The same proposition is contained in the letter of April 23, 1872, written by the defendant to the plaintiff; and when the plaintiff sent a draft covering the balance due, the defendant declined to pay, for the reason that he considered the bonds and warrants as one, and was entitled to a delivery of both. This was followed by other letters, containing the same statements, and this was substantially reiterated by the defendant on his examination. Mr. Sherwood, the plaintiff's agent, who negotiated the sale, confirms the statement so far as he was permitted to express himself on the subject; and, the sale having been made, the defendant was not bound by telegrams emanating from Sherwood on the subject of the purchase, which he had not authorized to be sent. It appears that two classes of warrants were in the hands of the plaintiffs for sale, and which Sherwood was authorized to sell, some of which were fundable in June and some not; and there seems to have been a misunderstanding with regard to them on the part of the plaintiffs, but not on the part of the defendant, who seems to have understood clearly and distinctly what his purchase comprehended, and in which respect he is sustained by the evidence of Sherwood. The proposition that a joint purchase is consummated by a part performance, unless the rest to be done has been waived, is not sustained by the authorities. On the contrary, if a party engages to do two things, one is cumulative upon the other, and he must perform both the things agreed to be done. 3 Add. Cont. 1186. "The rule is well settled in this state," said CHURCH, C. J., in *Kein* v. *Tupper*, 52 N. Y. 550–555, "that upon a contract for the delivery of a specified quantity of property no action will lie until the whole is delivered." And the same principle is recognized in *Butler* v. *Butler*, 77 N. Y. 472, and in *Champlin* v. *Rowley*, 18 Wend. 187; and the rule is recognized and reiterated in one of the cases cited on behalf of the respondent, namely, *Avery* v. *Willson*, 81 N. Y. 341, and which is selected for illustration, where it is held that the receipt of the goods must be characterized by acts evincing that the receiptor waives the precedent condition of a complete delivery in order to entitle the plaintiff to recover for those delivered. This error strikes at the very foundation of the plaintiff's cause of action, and, if the rule thus arrayed against the plaintiff as the result of adjudications in this state be correctly stated, the action was premature, notwithstanding that the bonds were delivered. It would be otherwise, perhaps, if the bonds had been received unconditionally, and without any expectation of a further performance by the delivery of the rest of the purchase, viz., the warrants. For these reasons the judgment is believed to be erroneous, and it must be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.