ing passed in favor the defendant. The motion was denied, with costs. Etheridge had his costs taxed and demanded, and not receiving payment, he asked and obtained a precept for the collection of the same. The defendant now moves for a retaxation of the costs. After hearing counsel, the court decided.

1. That Etheridge being called into court on the rule against him for costs, properly employed an attorney and was entitled to charge a retaining fee, but that a retaining fee in addition thereto on the motion for a precept, was not allowable.

2. That on the motion for a precept, a counsel fee was taxable, but no charges could be made for brief or term fee on such motion.

3. That the precept being a summary proceeding for the non-payment of a sum of money, if the sum to be collected does not exceed $250, the costs of the precept must be taxed at the common pleas rate of costs; 2 *R. S.* 619, § 42, 43; and the attorney and counsel fee on the motion for a precept must be taxed at *two dollars* instead of *two dollars and fity cents.* 2 *R. S.* 632, § 17.

4. Prospective costs may be taxed, subject to deduction, if the services taxed be rendered unnecessary by payment of the sum demanded.

---

### ANON.

Motions for judgment as in case of nonsuit, may be made at any time previous to the next *general term* after the circuit at which the cause might have been tried, or for which it ought to have been noticed; if made afterwards, excuse must be shewn.

JUDGMENT as in case of nonsuit. The defendant moved for judgment as in case of nonsuit, for the neglect of the plaintiff to bring his cause to trial. The plaintiff objected that the motion was too late, this being the second special term since the circuit, and no excuse being offered for the delay in making the motion.

ALBANY,
Feb. 1833.

Russell
v.
Champion.

The motion was however granted and Mr. Justice SUTH-
ERLAND, in announcing the decision, observed, that the judges
on consultation had concluded to adopt, as a rule of decis-
ion in these cases, that *laches* should not be imputable to a
defendant, if his motion for judgment as in case of nonsuit
was made at any time previous to the next *general term* af-
ter the circuit at which the cause might have been tried, or
for which it ought to have been noticed ; and that after a
general term had intervened, such applications would not be
heard, unless the delay was satisfactorily accounted for.

---

### ROGERS and wife *vs.* HITCHCOCK.

In a *replevin* suit, where a replevin bond has been executed, the defendant is
not entitled to security for costs, although the plaintiff be a non-resident.

December 20.

SECURITY for costs.   The suit in this case was commenced
by the wife whilst *sole*.   The action is *replevin*.   Since the
commencement of the suit, she has married, and resides with
her husband in Vermont.   The defendant, on account of the
non-residence of the plaintiffs, asks for security for costs,
which is opposed, on the ground that the action is *replevin,*
in which the defendant has already security in the replevin
bond executed at the commencement of the suit ; for which
cause the motion was denied.

---

### RUSSELL and others *vs.* CHAMPION.

An *exoneretur* will be ordered on a bail piece, where it is shewn that the ac-
tion in which the bail is given is founded upon contract, and that the de-
fendant in such action is not liable to *arrest* according to the provisions of
the act *abolishing imprisonment for debt.*

February 7.

MOTION for exoneretur.   *M. T. Reynolds* moved for an *ex-
oneretur* to be entered on the bail piece, on the ground that
the judgment in this case being founded upon contract, the
defendant is not liable to be *arrested* or *imprisoned,* since the
passage of the act *abolishing imprisonment for debt, Laws of*