## SUPREME COURT.

### HAWLEY agt. SEYMOUR.

On a motion by defendant to dismiss the complaint, for the reason that the plaintiff did not bring the cause to trial at a previous circuit, *held*, that the defendant was not guilty of *laches* in moving, where but one general term had intervened, and no special term having been held before that general term at which the defendant could have noticed the motion.

Where the defendant has been offered his costs of circuit, and it does not appear that they have ever been made out or adjusted in any way, or he prepared to receive them; he is not intitled to a dismissal of the complaint, for not bringing the cause to trial at the circuit.

*Wayne Circuit and Special Term, January* 1853. Motion on the part of defendant, that complaint be dismissed, in consequence of plaintiff's neglect to proceed to trial at the Circuit Court held in the county of Ontario, on the second Monday of November last, pursuant to notice.

It is shown on the part of the plaintiff, that he was unable to try the action at the circuit mentioned, by reason of the sickness of one of his witnesses; of which fact the plaintiff informed the defendant's attorney at the circuit, and at the same time offered to pay the defendant's costs of the circuit; to which the attorney replied he did not know what they amounted to. It appears also by the affidavit of the plaintiff's attorney, that soon after the circuit he wrote to defendant's attorney, offering to pay the

costs of the circuit, to which he had received no reply. It does not appear that the costs in question have ever been liquidated or their amount ascertained. The moving papers do not show whether the action had been noticed for trial by the defendant, nor does it appear by the papers on either side, that a stipulation to try the action at the next circuit in Ontario county has been given or offered by or on behalf of the plaintiff.

WM. CLARK JR., *for Defendant*

J. C. SMITH, *for Plaintiff*.

WELLES, Justice.—As the plaintiff does not raise the objection that the moving affidavits are silent as to whether the action was noticed for trial by the defendant; nor the defendant that the papers do not show whether a stipulation was offered, I shall regard those questions as out of the case. By rule 20, the defendant can only make this motion where the action has not been noticed by him; and by the same rule in connection with rule 21, the plaintiff is bound to serve a stipulation in order to avoid the consequences of his neglect to try, &c. There was probably an understanding between the parties in relation to these questions, or they would have been raised upon the motion.

It is objected on the part of the plaintiff, that the motion comes too late. That regular special terms were held in the counties of Steuben and Monroe on the first Monday in January instant, not connected with circuits, and a special term and circuit in the county of Steuben on the 17th day of January instant, at either of which the motion might have been made.

According to former practice, when non enumerated motions were all heard at the general terms, the motion for judgment, as in case of non suit, must have been made at the first term after the circuit at which the cause should have been tried; otherwise the default was regarded as waived (*Gr. Pr. 2d ed.* 615, and cases there cited). This, however, was before special terms were established; after which, the court adopted a rule, that laches should not be imputed to a defendant, if he moved at any time previous to the next general term after the circuit at which the cause might have been tried, &c. (*id. p.* 615 and 616). But where no special term intervened between the circuit and the

next general term, the defendant was in season if he applied for judgment as in case of non suit, at any time before the second general term (*id.* 616; Lyon vs. Hoffman, 10 *Wend, R.* 576). No special terms were held in this district after the circuit in Ontario county, at which the default of the plaintiff occurred, before the last December general term, except those held in Cayuga and Yates on the 4th Monday of November. I am not prepared to hold the defendant guilty of laches in consequence of not making the motion at either of those terms, for the reason that it is not shown how long the Ontario circuit lasted; and if it continued more than one week, or even the whole of one week, there was not time to give regular notice of the motion; and the defendant was not authorized to give the notice until after the circuit was closed; although the cause was passed upon the calendar, and younger issues tried, yet the defendant could not know that it would not be again reached, and tried. The cases of Jackson vs. Vrooman (6 *Cowen. R.* 392), and Latham vs. Winchell (1 *Wend. R.* 281), are very briefly reported, and do not harmonize with each other or rest upon good grounds.

There having been but one general term intervening between the Ontario circuit and the present time, and no special term having been held before that general term at which the defendant could have noticed the motion, I am of the opinion, according to the holding of the case in 10 *Wend.* that no laches are imputable to the defendant for not moving at an earlier day.

But the motion, nevertherless, can not be granted. The defendant has been offered his costs personally and by letter, and it does not appear that they have ever been made out or adjusted in any way. It would be unreasonable—nay, intolerable—after the offers sworn to, to allow him to get the complaint dismissed, without further ceremony. The plaintiff has done all that was in his power to do. He offered to pay, but the defendant was not prepared to receive the costs. Before any thing further was done, the defendant should have got his costs liquidated, and given the plaintiff notice of the amount. As the notice of motion is simply, that the complaint be dismissed, and not in the alternative, no other order can be made, than that the motion be denied. Motion denied with $7 costs.