## CHAMPION *a.* WEBSTER.

*Supreme Court, Third District; Special Term, October,* 1860.

DISMISSAL OF COMPLAINT FOR NEGLECT TO PROSECUTE.—DEFENDANT'S LACHES.

If, after issue of fact has been joined, the plaintiff neglects to bring the case to trial, the defendant may, by Rule 27, move for an order dismissing the complaint; although such motion may be denied if plaintiff stipulates and pays costs, or excuses his neglect.

Such motion ought not to be granted where the defendant might have brought on the cause, but, instead of doing so, allowed many opportunities of moving for a dismissal to pass before making the motion.

In an action of an equitable nature, where the questions on which the allowance of costs would depend, are undetermined, a motion for a dismissal of the complaint for plaintiff's failure to prosecute, should be denied, leaving the case to be passed on at the circuit.

Motion to dismiss complaint, with costs, for plaintiff's omission to bring the action to trial.

This action was brought by Anson G. Champion against Albert Webster and others, to foreclose a mortgage. The facts are stated in the opinion.

*F. M. Butler*, for the motion.

*O. P. Collier*, opposed.

Hogeboom, J.—The defendant, Polly Webster, moves for a judgment dismissing the complaint with costs for not bringing this cause to trial at the last Columbia circuit, held in September, 1860. The papers show that the cause was noticed for trial, and on the calendar for September circuit, 1859, and has not since been noticed or put on the calendar by either party. The suit was brought to foreclose a mortgage, and Polly Webster was made defendant, as having a right of dower in the proceeds, and also as a subsequent mortgagee. In her answer she claimed her rights as doweress, and, also, as to one half of the premises, a superior title to the plaintiff by reason of the mortgagor having acquired title to that one half since he gave the mortgage to the plaintiff. In September, 1859, the plaintiff sold to Mary Rowe his mortgage, since which the suit has not been proceeded on.

The defendant had a right to make this motion. By Rule 27 a defendant is permitted to do so after an issue of fact has been joined, and the plaintiff neglects to bring the case to trial according to the practice of the court. She had also an important question to be determined,—though it was rather one of law than of fact,—whether the plaintiff's mortgage took precedence as to property, the title to which was acquired subsequent to the mortgage.

But the rule is not universal that the defendant is entitled to succeed on such a motion, or even to have costs of the motion. By the established practice the party-plaintiff may pay the costs and stipulate to try at the next circuit; or be excused from stipulating and from costs, on showing a sufficient reason for not noticing the cause ; or the defendant may have been guilty of such conduct, or of such laches, as prevents him from having the effect of his motion. (Hawley *a*. Seymour, 8 *How. Pr.*, 96 ; *Graham's Pr.*, 2 ed., 615.)

By well-settled practice the defendant must make the motion promptly after the default, and must not allow a circuit to intervene before doing so. In this case the plaintiff was in default for not trying the cause in September, 1859, unless the defendant consented to its going over. There was another circuit in Columbia in January, and another in April, 1860, both of which were suffered to pass, besides a large number of special terms, without the making of this motion. I am inclined to

think that for this cause the motion should be denied, and the defendant left to her remedy of noticing the cause hereafter. (*Graham's Pr.*, 2 ed., 615 ; Haskins *a.* Sebor, 2 *Johns. Cas.*, 217 ; Anonymous, 9 *Wend.*, 461 ; Lyon *a.* Hoffman, 10 *Ib.*, 576 ; Chapman *a.* Van Alstyne, 6 *Ib.*, 517.)

This is also an equity suit. The costs are in the discretion of the court. (Pratt *a.* Ramsdell, 16 *How. Pr.*, 59 ; Bartow *a.* Cleveland, *Ib.*, 364.) Unless on a trial the defendant should succeed in establishing the priority of her mortgage in fact, she could not by possibility be entitled to costs ; and then only in the discretion of the court ; and if she failed, as it appears to me she would upon this issue, might be subjected to the payment of costs personally. It is difficult, therefore, to adjust the equities of the case as to costs as the case now stands. (Gallagher *a.* Egan, 2 *Sandf.*, 742.)

There appears to be no object in the further prosecution of the suit. The better way to dispose of this matter seems to be to deny the defendant's motion without costs ; leaving the plaintiff, if he shall be so advised, to apply for leave to discontinue the suit without costs (*Ib.*), or the defendant, if the plaintiff shall omit to do so, to notice the cause for the next Columbia circuit, and there obtain such relief as shall be just.

Let an order to that effect be entered.