LEWIS v. ROBINSON et al.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. FORECLOSURE—DISMISSAL—TENDER—COSTS.

Defendants in foreclosure are not entitled to dismissal of the action and an order declaring plaintiff not entitled to costs, merely on an offer to pay the amount of the mortgage and interest, without an offer to pay such costs as the court may allow.

Appeal from special term, Nassau county.

Action by Edward L. Lewis against Josephine M. Robinson and others. From an order denying a motion for an order declaring plaintiff not entitled to costs, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

P. M. Brown, for appellants.
Henry A. Powell, for respondent.

HIRSCHBERG, J. This action is brought to foreclose a mortgage upon certain real estate in Nassau county, given by the defendant William G. Pine Coffin on the 15th of March, 1901. The defendant Josephine M. Robinson is the subsequent grantee of the property. The mortgage matured in March, 1902, and in July following the action was begun, without previous personal demand for its payment. The defendants thereafter tendered to the plaintiff and to his attorneys the sum of $2,050 in cash, the amount of the principal and interest of the mortgage, without costs, but the tenders were refused, whereupon this motion was made upon an order requiring the plaintiff to show cause "why an order should not be entered declaring that the plaintiff is not entitled to the costs in said foreclosure suit, and staying the proceedings herein, unless the plaintiff accepts the sum of $2,050 and cancels the said mortgage, and why the plaintiff should not pay the costs of this motion." The appeal is from an order denying the motion.

The defendants' practice is based on the decisions in Pratt v. Ramsdell, 16 How. Prac. 59, and Bartow v. Cleveland, Id. 364. The scope of the remedy is well expressed by Mr. Justice Marvin in the latter case, at page 366, as follows:

"I think, in a case like the present, the defendant may offer to pay the amount due upon the mortgage, and such costs as he may think proper, and, upon a refusal to accept the amount, he may apply to the court for leave to pay the amount due, and such costs as the court may, in its discretion, allow, and that the court should entertain the application and permit the payment, fixing the costs, and, upon the payment being made, order a discontinuance or stay of the action, as may be proper."

The defendants did not offer to pay any costs when the tenders were made, and, what is probably of more importance, in the motion papers do not offer or agree to pay such costs as the court, in its discretion, may allow. The application is not to have the court fix the amount of costs to be allowed the plaintiff, if any, accompanied by an order to pay the costs if any are allowed, but it is an application in terms for an order only determining that the plaintiff is not en-

titled to any costs, and it is made upon papers which clearly suggest that the defendants do not desire a discontinuance of the action in case costs are imposed. The motion was therefore properly denied. The court should not be called upon to adjust costs on a settlement without the expressed willingness of a litigant to pay them, and it would not, therefore, have been justified in entertaining the motion, under the circumstances, as one made within the spirit of the decisions cited. If the defendants are really desirous of procuring a discontinuance of the action upon the payment of the debt and interest, with such costs as the court, in its discretion, may allow, the motion must be submitted in such form as to permit the exercise of discretion by the court. The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.