Appeals dismissed with $10 costs in all, to be deducted from the judgment.

# BARTOW *a.* CLEVELAND.

*Supreme Court, Eighth District; General Term, August,* 1858.

## COSTS.—ALLOWANCE IN FORECLOSURE.—SETTLEMENT BEFORE JUDGMENT.

In a foreclosure action the defendant may offer to pay the amount due upon the mortgage, and such costs as he may think proper; and upon a refusal to accept the amount, he may apply to the court for leave to pay the amount due, and such costs as the court may in its discretion allow; and the court should entertain the application and permit the payment, fixing the costs, and upon the payment being made, order a discontinuance or stay of the action, as may be proper.

Upon such settlement of an action, equitable in its nature, the court may impose, as terms, payment of such allowance authorized by the Code as is equitable under the circumstances of the case.

It is competent for the parties to settle such an action, the defendant paying or securing such allowances to the attorney; and if no advantage is taken of the

defendant, and the sum is not greater than that which the court would have allowed, the court will sanction the payment, and enforce securities given to the attorney for the same. .

Appeal from judgment at special term.

In a foreclosure action in which the plaintiff in the present action was the plaintiff, and the same person defendant, the parties, on settling by payment before judgment, disagreed as to whether the defendant was bound to pay an allowance. The whole allowance claimed was $42.20. The plaintiff consented to reduce it to $27.16. The note in suit in the present action was thereupon given by the defendant in settlement, and included as a part of its amount this sum of $27.16. The defendant now resisted the payment of the note as to this sum, contending that as the plaintiff was entitled to no allowance before judgment in such an action, the note was in so far without consideration. The court at special term so held, and rendered judgment accordingly; and the plaintiff appealed.

*Bartow & Olmsted*, for appellant.

*Wakeman & Bryan*, for respondent.

By the Court.—Marvin, J.—The question here presented is not without its embarrassments. The action belongs to that class of cases in which costs may be allowed or not, in the discretion of the court. (*Code*, § 306.)

It is not a case in which the defendant had a right to make and plead a tender, under the Revised Statutes (2 *Rev. Stats.*, 553); such right is confined to actions at law (9 *How. Pr. R.*, 398; Thurston *a.* Marsh, 5 *Abbotts' Pr. R.*, 389; S. C., 14 *How. Pr. R.*, 572); nor is it a case where the plaintiff had a right to the additional allowances, as provided in section 308 of the Code, as no *judgment had been recovered.* (Pratt *a.* Conkey, 15 *How. Pr. R.*, 27.) Indeed, he had no legal right to any costs, as the allowance of costs was in the discretion of the court. (*Code*, § 306; Pratt *a.* Ramsdell.*) But when the costs

---

* Pratt *a.* Ramsdell (*Supreme Court; Eighth District, Special Term,* 1857) was a foreclosure action which was settled before judgment, and the question

are allowed, the items are specified by the statute. (*Code*, § 307.)

' No provision is made for settling those cases in which the allowance of costs is in the discretion of the court. By sec-

---

arising whether the plaintiff was entitled to an allowance together with the costs to be paid, it was stipulated that the payment of the debt and costs should be without prejudice to the plaintiff's right to the allowance, if the court should be of opinion that he had such right on discontinuance before judgment.

Upon application to the court at special term to determine that question, the allowance was refused, and on an appeal to the general term the decision was affirmed, for the reasons stated in the following opinion rendered at special term :

DAVIS, J.—In an action for the foreclosure of a mortgage, costs are not allowable of course, under section 304 of the Code, but are wholly within the discretion of the court. (*Code*, §§ 304, 306 ; Gallagher *a.* Egan, 2 *Sandf.*, 742.)

In cases of this kind, where the defendant is ready, and offers to pay, or brings into court the amount due on the mortgage, the parties are at liberty to apply to the court for its direction as to the question of costs; and the court, under section 306, has a discretion to allow them or not, as may be equitable and just. If the court on such application do allow the costs, the amount and the items are distinctly regulated by section 307, unless there be a " recovery of judgment," bringing the case as to an additional allowance within section 308. It was held in The N. Y. Fire & Marine Ins. Co. *a.* Burrell (9 *How. Pr. R.*, 398), that the statute (2 *Rev. Stats.*, 553, § 20) allowing a defendant to tender to the plaintiff or his attorney an amount sufficient to satisfy the demand with costs to the time of the tender, and providing that if it shall appear on the trial that the amount so tendered was sufficient to pay the demand and costs, the plaintiff should not be entitled to costs subsequent to the tender, is confined to actions at law, and does not affect actions for the foreclosure of mortgages. I think· this conclusion a sound one ; especially since in equity suits the costs being discretionary with the court, a tender of them cannot, in many cases, be made with certainty or safety to the rights of the parties.

A different rule prevails in actions coming within the provisions of *section 304* of the Code. In such cases, the costs are fixed and certain; and the rights of the parties on settlement before judgment are declared·by section 322. The ruling of MARVIN, J., in Pratt *a.* Conkey (15 *How. Pr. R.*, 27), was in such an action, and is undoubtedly correct.

From these views, it follows that in an action for the foreclosure of a mortgage, where tender is made before judgment, if the parties do not voluntarily adjust the costs, either party may apply to the court for that purpose. If costs are allowed to the plaintiff without entry of judgment, the items and amount are to be governed by section 307. If the court shall be of opinion that the circumstances of the case demand it, the plaintiff may be permitted to take judgment notwithstanding the tender, and thus become entitled to the additional allowance under section 308 ; or if the equities of the case demand it, the court may refuse costs to the plaintiff, or even award them to the defendant.

This course preserves the discretion of the court as to the allowance of costs

tion 322, provision is made in reference to costs upon a settlement before judgment, in the actions mentioned in section 304. That section relates to those actions known as actions at law, in which the allowance of costs is not discretionary in the court.

What then should be the practice in a case like the present? The defendant wishes to pay the mortgage debt before judgment, and is willing to pay costs. There is no statute giving the attorney an abstract right to any costs, nor is there any statute giving to the defendant the right to tender the amount due, with or without costs. The case of The N. Y. Fire & Marine Insurance Company *a.* Burrell (9 *How. Pr. R.*, 398) was a foreclosure case, and the defendant made a tender before judgment. The plaintiff proceeded to judgment, and then applied to the court for an additional allowance, which was granted. The defendant cannot then by a tender arrest the plaintiff in proceeding to judgment, and thus deprive him of his rights relating to costs or an additional allowance. I say rights *relating* to costs, as those rights depend upon the discretion of the court. I suppose, however, if the court, under section 306, allows costs to the plaintiff, then he will be entitled to the percentage as given by section 308, as that section reads, " In *addition* to those allowances there *shall* be allowed to the plaintiff upon the recovery of judgment by him," &c.

I think, in a case like the present, the defendant may offer to pay the amount due upon the mortgage, and such costs as

in equity cases in its full vigor, leaving it to be exercised consistently with the equities of each case. Of course, in ordinary cases, the court, by refusing to permit judgment to be entered, would allow no more costs than the amount prescribed by section 307; and where those items had been tendered, the plaintiff would be put to show a satisfactory excuse for refusing them, or be himself charged with the costs of the application; and it is so uniformly the practice of the court to allow costs in mortgage cases, that the defendant, in all ordinary cases, should tender those items, to avoid the costs of the motion which the court would otherwise be likely to impose upon him. In a case of extraordinary labor or expense, the court, by permitting judgment to be entered for the amount tendered, could protect the plaintiff, so far at least as the additional allowance is concerned, from the effect of a tender made upon the eve of a judgment, or after the labor and expense of contesting an unmeritorious defence.

There are no facts disclosed in the case before me to call for the special interference of the court; and as it appears that the costs allowed by section 307 have been paid, the motion must be denied.

he may think proper; and upon a refusal to accept the amount, he may apply to the court for leave to pay the amount due, and such costs as the court may in its discretion allow; and that the court should entertain the application and permit the payment fixing the costs, and upon the payment being made, order a discontinuance or stay of the action, as may be proper. (See Thurston *a.* Marsh, 5 *Abbotts' Pr. R.*, 389; S. C., 14 *How. Pr. R.*, 572.) I also think the parties may settle the action. The attorney may make out the costs by items, following the fee-bill, and the defendant may pay such costs; and if the costs so paid are no more than the court would upon application allow, such payment will not be disturbed. As to any claim for an additional allowance there may be more difficulty, as the plaintiff is only entitled by the statute to such allowance upon the recovery of judgment. My opinion proceeds, however, upon entire principles of equity. It is equitable that the defendant should be permitted to pay and put an end to the action. But having no legal right to do this before judgment, he is obliged to come into court and ask its equitable interference. He asks for a favor, and the court may grant his motion upon equitable terms. Those terms, if the court should allow costs, would be the payment of the items of costs as specified in the Code, for particular services, so far as the services had been rendered; and as to an additional allowance, I think the court would have the right also to impose as terms the payment of these allowances, or such portion of them as the court should deem equitable and just.

The allowance, as provided by the Code, is not for any particular service, but, in the language of CLERKE, Justice, " it is made for services performed throughout the prosecution of the action, rather than for services rendered at any particular stage of it;" and if the plaintiff is entitled to such allowance after judgment, it is highly equitable that he should have a portion of it when the action is settled before judgment. The right to impose such terms rests, I admit, upon the equitable powers of the court, and not upon the statute. But the court would be greatly influenced by the statute as to the amount it would require to be paid, as the condition upon which the defendant would be released.

The order would of course be conditional, and if the defend-

ant should not choose to avail himself of it, the action would proceed to judgment, when the plaintiff would be entitled to the percentage allowance, in case the court in its discretion allowed costs, which is almost a matter of course in a mortgage foreclosure case.

It must be kept in mind that the defendant has no absolute right by which he can arrest the action before judgment. The plaintiff has the right to proceed to judgment, unless he is stopped by an order of the court. It is a general principle in equity, that when parties do what a court of equity, upon application, would direct to be done, the court will sanction and sustain the thing done. If the attorney for the plaintiff and the defendant settle the action upon such terms as the court would direct, I do not see why such settlement and arrangement should not be valid and binding. In all such settlements, it will be incumbent upon the attorney that he see to it that no advantage be taken of the defendant, and that no greater sum be taken than the court upon an application would allow, as the question will be open to an examination by the court, upon the application of the defendant.

In the present case, the percentage, as provided by the Code after judgment, amounted to $43.20; from this sum $16.04 were abated, leaving $27.16, which was included in the note. After examining the facts, I am satisfied that the amount claimed and included in the note was no more than reasonable, and no more, as I think, than the court would have allowed as terms upon which an order as above indicated would have been made upon the application of the defendant. In my opinion, the court, upon the trial of this cause, should have sanctioned the settlement, and directed judgment for the amount of the note.

The judgment should be reversed, and a new trial should be had, costs to abide the event, unless the defendant shall stipulate that the plaintiff take judgment for the amount of the note. If he shall so stipulate, then judgment to be entered accordingly, without costs to either party upon this appeal.

GROVER, J., dissented.