## HAMMERSLEY & DYETT vs. BARKER & CHAPMAN.

If, by the complainant's own act or procurement, the object of the suit is defeated, he cannot be permitted to discontinue without costs.

The provision in the revised statutes, which exempts the party dismissing his own bill from costs in certain cases, only extends to those cases where prima facie he would not be chargeable with costs on a decree dismissing the bill at the hearing; as in the case of suits by executors in right of their testators.

If the complainant, prima facie, would be chargeable with costs if the suit was decided against him at the hearing, the court will not examine the whole merits of the cause merely to ascertain whether there are any equitable circumstances which might excuse him from the payment of costs.

THIS was an application on the part of the complainants for leave to dismiss their bill as against William Chapman without costs.

*H. W. Warner*, for complainants.

*C. F. Grim*, for W. Chapman.

THE CHANCELLOR. The complainants in this cause filed their bill to obtain relief against the assignment of a mortgage and a decretal order of sale thereon, at that time in the hands of Jacob Barker; and which was an incumbrance on the manufactory which formed the subject of the litigation between them and Chapman in another suit. Chapman was made a party; and distinct relief was prayed against him, if they did not succeed in obtaining the relief asked for against the other defendants. The factory has been sold, on the application of these complainants, and against the wishes of Chapman. A third person became the purchaser; and as they allege, in trust for Chapman. Since that sale, as appears from the papers on the part of Chapman, the com-

plainants have made some arrangement with the other defendants in this suit by which the mortgage and decree have been assigned to T. L. Wells for the benefit of the complainants, and he is now seeking to enforce the same against that part of the factory on which it is a lien. They have also made an agreement with the other defendants in this cause by which the bill has been or is to be dismissed against them without costs. The complainants now ask for leave to dismiss their bill, without costs, as against Chapman also. It is evident from this state of the case that they can have no object in going on with the suit. But Chapman has been put to great expense in defending himself against their claim, and the only questions seem to be whether the court is authorized to permit them to dismiss without costs; and if so, whether this is a proper case to exercise the power. In ordinary cases in this court costs rests entirely in discretion. But as the law has explicitly provided for this particular case, of a complainant's dismissing his own bill, it has frequently been decided that if the object of the suit had been defeated by the complainant's own act or procurement, he cannot dismiss his bill without paying costs to the defendant. The revised statutes have not altered the law, on this subject, by excepting those cases where, according to the practice of the court, on a decree against the complainant at the hearing the defendant would not be entitled to costs. That provision was only intended to conform the law to the construction which had been given to the former statute. It includes those cases only in which, prima facie, the complainant would not be liable for cost, although he failed in the suit; as in the case of an executor or administrator suing in right of his testator or intestate. It never could have been the intention of the legislature to compel the court to examine and decide upon the whole merits of the complainant's original claim, for the mere purpose of ascertaining whether he would have been liable for costs at the hearing. I see nothing in this case to take it out of the rule which has been considered the correct construction of the statute in other cases. It is therefore unnecessary for me to look into the merits to see whether the complainants could have been excused from the payment of costs at the hearing.

The motion to dismiss without costs must therefore be denied; but the complainants are at liberty to dismiss their bill against Chapman, on payment of the costs of his solicitor, to be taxed. If they do not think proper to adopt that course within thirty days, Chapman is to be at liberty to take such steps as he may deem necessary to terminate the suit. The costs of opposing this motion, in either case, are to abide the event; and may be taxed by the solicitor of Chapman as costs in the cause.