1834.

PALMER
v.
VAN DOREN.

## PALMER v. VAN DOREN.

Even though a defendant absconds and thereby the object of a suit is defeated, yet a complainant, upon motion, cannot dismiss his bill without costs.

*November* 24
1834.

*Practice.*
*Complainant*
*dismissing*
*bill.*
*Costs.*

A judgment creditor's bill had been filed ; and, pending the suit and while fearing a *ne exeat*, the defendant had gone into Kentucky to reside. Some testimony had been taken. Motion by the complainant to dismiss his bill without costs.

Mr. *D. Graham, Jr.*, for the complainant.

Mr. *D. E. Wheeler.* for the defendant.

THE VICE CHANCELLOR :—The English statute of Anne (4 Anne, ch. 16,) to prevent vexatious suits in courts of

equity, declares, in § 23, that " upon the plaintiff dismissing
" his own bill or the defendant's dismissing the same for want
" of prosecution, the plaintiff shall pay to the defendant his
" full costs to be taxed."   These words are copied into our
statute concerning costs passed, 12. February, 1787.   (1
Greenleaf's Ed. 312, § 16 ;) and it has been retained in all
the revisions to the present day—with this addition, how-
ever, in the Revised Statutes, (2 R. S. 613, § 1,) " except
" in those cases where, according to the practice of the
" court, costs would not be awarded against such complain-
" ant upon a decree rendered on hearing the cause."

After the passing of the statute of Anne, the practice was
to bring causes to a hearing on bill and answer, withdraw-
ing the replication wherever necessary, and then have the
bill dismissed on paying forty shillings costs : the statute
not applying where a cause was brought in the ordinary
way to a hearing.   The court was obliged to give effect to
it only where the plaintiff moved to dismiss his bill before
a hearing upon the merits or where the defendant was left
to move a dismissal for want of prosecution.   This practice
was altered by a rule of Lord Hardwicke's, in 1748, (see,
Beames' Orders, 450,) and which declares that the court,
upon a hearing on bill and answer, is at liberty to order a
dismission to be either with forty shillings costs or with
costs to be taxed by a master or without costs, as the court,
upon the nature and merits of the case, shall think fit.

But at no time since the statute of Anne, and in no case,
save one, has the court felt itself at liberty to permit the
plaintiff to dismiss his suit without paying the defendant his
costs.   In *Fidelle* v. *Evans*, 1 Bro. C. C. 267, S. C. 1 Cox,
27, (in the year 1783,) it was decided that a bill could not
be dismissed without costs, except upon consent.   In an
*Anonymous* case, (in 1790,) 1 Ves. Jr. 140, it appeared that
the suit was for an injunction from taking judgment at law
and for delivering up deeds to be cancelled.   The plaintiff
had applied to the King's Bench for the delivery of the deeds,
who had accordingly ordered it.   A motion was now made
to dismiss without costs.   Nobody appeared to oppose.
The court, Lord Thurlow, considered it beyond the course
of the court to allow the same upon motion.   So, in *Dixon*

1834.

PALMER
v.
VAN DOREN.

v. *Parks,* Ib. 402, a motion was made to dismiss the bill without costs, on the ground that some bonds, which were the object of it, had been since found and therefore there was a remedy at law. Lord Thurlow again refused the motion immediately, saying he could not conceive a case in which a plaintiff could dismiss his bill without costs—that to dismiss it with costs was a motion of course, but it could not then be dismissed without consent.

Even the bankruptcy of the defendant pending the suit and where the complainant could come in and establish his claim before the commissioners, forms no exception to the rule : *Rutherford* v. *Miller,* 2 Anstr. 458 ; *Monteith* v. *Taylor,* 9 Ves. 615 ; and see the cases collected and arranged in 1 Hov. Supp. 112.

Still, we have the case of *Knox* v. *Brown,* 2 Br. C. C. 186, S. C. 1 Cox, 359. It came before Lord Thurlow in 1787. He there went so far as to permit a bill to be dismissed without costs,—thereby evidently evading the statute.

There, the complainant had become surety for the due performance on the part of the defendant of covenants in a lease ; and the latter agreed to assign the lease to the former by way of security. The complainant had to pay one hundred dollars on the defendant's account for arrear of rent, whereupon he filed his bill to compel an assignment : but the defendant surrendered it to his landlords and absconded. The Lord Chancellor, as the report in Browne has it, said, " the defendant having destroyed the subject of the suit and absconding, shall not put the plaintiff to dismiss his bill on payment of costs. He, therefore, ought to find security for payment of the costs or the bill to be dismissed without costs." And his lordship directed the counsel to move it in this form, which was afterwards done and granted. Mr. Cox, in his report of the case, says that no one appeared on the last motion to oppose. See also Belt's note to this case. Mr. Beames, in his work on Costs, p. 184, observes upon this case, thus : " It is true, the case before Lord Thurlow was the mode of reaching the object of dismissing without costs, and the order appears to have accordingly been so drawn up : but, it is after all a strong decision and in direct opposition to the statute of Anne. The case of *Knox* v.

*Brown* has not been followed either in England or here; and Lord Thurlow himself—in the cases before referred to of *Dixon* v. *Parks,* and the *Anonymous* one—appears not to have ventured upon so strong a measure a second time. · In *Lewis* v. *Germond,* 1 Paige's C. R. 300, and *Hammersly* v. *Chapman,* 2 Ib. 372., Chancellor Walworth treats it as a settled rule with us, that a plaintiff, on motion, cannot have an order to dismiss without costs, and that such a practice cannot be allowed so long as the statute contains the provision it does—unless where a complainant files a bill in *autre droit.* In all other cases, he must go to a regular hearing. At law, a plaintiff may, it is true, be permitted to discontinue without costs in special cases : because the statute does not apply to courts of law.

Such a thing appears to be tolerated in the Irish courts. In *Drought* v. *Robinson,* 1 Beatty, 87, the Lord Chancellor suggested that a motion to dismiss might be made before a hearing where the defendant had became insolvent. I am not, at this moment, aware whether the statute of Anne is in force in Ireland. At any rate, we are guided by our own statute, coupled with the English practice.

The motion must be denied. The complainant can go on with the examination of witnesses, if he thinks proper. The costs of resisting the motion are to abide the event of the suit.