## IN EQUITY.

RACHAEL F. BEEBE, by ISRAEL CRAWFORD, her next friend, vs. GILBERT J. BEEBE.

On petition to dismiss a bill by the *next friend* of Plaintiff, no costs will be allowed him as against the Defendant, where the bill was filed to obtain a separation from bed and board, and subsequent to putting in the answer, a reconciliation took place between the Plaintiff and Defendant, and they lived together as formerly. It is not a case where the bill would be dismissed *without costs*, as a matter of course, (2 Paige, 372,) but may be with the consent of the Defendant.

*December Special Term*, 1847. *Dutchess county.—Petition by next friend to have bill dismissed with costs to be paid by the Defendant.*—The bill was filed in July, 1846, to obtain a separation from bed and board. The Defendant put in his answer in November of the same year. In March, 1847, the wife returned to her husband, and from that time has continued to live with him—a reconciliation having taken place. The

next friend now prays for an order requiring the Defendant to pay his costs.

S. J. WILKIN, *for the Petitioner.*

J. W. BROWN, *for Defendant.*

BARCULO, Justice.—I am not aware of any principle on which this application can be granted. The ordinary rule is, that the party applying to dismiss his bill must pay costs. (1 Barbour's Ch. Pr. 225; 2 R. S. 613.)

The Chancellor has decided that the bill can be dismissed without costs only in those cases where *prima facie* the complainant would not be charged with costs on a decree dismissing the bill at the hearing, as in cases of suits brought by trustees, executors, &c. (2 Paige, 372.) In the present case, if the suit should be decided against the Petitioner at the hearing, he might be charged with costs. He cannot, therefore, be entitled to have his costs paid by the Defendant. As, however, the Defendant consents to a dismissal of the bill without costs to either party, the order may be so entered.