Sandford, J.,
after advising with all "the other iltisticeS cl 'the Court, decided with their concurrence, as follows :—The allowance of costs to the defendants cn discontinuing a 'suit for the foreclosure of a mortgage, before judgment, appears to rest in the discretion cf the court. The provision in the revised -'statutes to which I was referred, (2 R. S. 613, -§ 1,) is repealed •by the code cf procedure. Section 305 of the code, Is confined to the actions mentioned in section "304, which doe’s not apply to foreclosure suits, as is shown by the language of Section 308. The provision in ¡Section 322, is limited to the plaintiff’s Costs Cn a settlement before judgment.
The allowance -of costs being thus discretionary, there is no possible reason for granting Costs to the mortgagors. It is their •debt which the plaintiff is to receive on discontinuing. If 'the Suit went-to a decree, -and -there were-a -surplus, they Could hot *744 obtain their costs, either out "of the surplus or against the other defendant.
As to McBarron, though it was proper for him to appear, i< was not necessary ; and the case of The Merchants Insurance Company v. Marvin, (1 Paige, 557,) is an authority against granting him costs in this case.
A question was argued, in reference to the sheriff’s fees charged in the plaintiff’s costs. The vieWs of the sheriff Were presented by one of the counsel, and we have considered the matter. The sheriff charged in respect of each defendant, the following fees, viz.:—Serving the summons, fifty cents; serving notice of the objects of the Suit, (which was attached to the summons,) fifty cents; returning the summons, thirteen cents ;• mileage, six and One-fourth cents; and, certificate of service of the notice, thirteen cents. The parties object to the certificate and return as a double charge for the same service ; and to the charge for serving the notice, as being a part of the duty included in serving the summons, and if not, then that no fee is provided for it by law.
There is no fee allowed by law for the sheriff’s certificate of Service, by that designation. This certificate is in fact his return, ahd the statute gives him twelve and a-half cents for returning a writ. The returning a writ, embraces as well the sheriff’s statement of his acts under it, as the delivery of the writ to the clerk or attorney. The return and certificate are therefore to be charged as one service, at twelve and a-half cents.-
The notice of the objects of the suit, in our view, is not a part of the process by which the suit is commenced. The plaintiff may serve such a notice, or a copy of the cotnplaint, With the summons. He is not bound to serve either. The sheriff therefore does not serve the notice as a part of his official duty in serving process, and the fee for serving the summons does not cover the service of the notice'. The law provides no specific fee for this service, whether made by the sheriff or by an unofficial person. We learn that in practice, these notices are now usually served by the sheriff, for the reason that every other person serving them, must make ah affidavit that *745 he knew the party served to be the person mentioned and described in the summons as the defendant therein. In foreclosure cases, it is necessary to serve such notices, under section 130 of the code; and the expense necessarily incurred in serving them, appears to be a reasonable disbursement which ought to be allowed to the plaintiff. Whether the service be made by the sheriff, or by any other person, is unimportant. When made by the former, the compensation for it is not allowed as sheriff’s fees. It is given for an unofficial act, which could be done by any other person equally as well. The amount of this compensation, we think in analogy to the fee formerly allowed by statute for the same service in the late court of chancery, should be thirty-seven and a-half cents ; and that sum will be taxed in future in this court, when shown to be a necessary and reasonable disbursement. No charge for the certificate of service will be allowed. It ought to be, and usually is, included in the certificate of the service of the summons; but if separately made, it will be paid for in the allowance for serving the notice.
Order accordingly.