## SUPREME COURT.

### WOOD agt. BROOKLYN FIRE INSURANCE COMPANY, &c.

In an action to vacate an award, where an order is granted sustaining a demurrer, the *costs* are in the discretion of the court, and must be adjusted upon equitable principles.

Where several defendants in an action jointly submit to arbitration, and appear by separate attorneys and counsel, and upon a decision by the court on appeal sustaining separate demurrers in their favor, where nothing is said in the order respecting costs, they will not be allowed full bills of costs to each defendant, as of course. The court in its discretion will allow such amount as may be just and equitable.

*New-York Special Term, May,* 1854.—Motion to set aside judgment, &c.

The action was to vacate an award of arbitrators, on the ground that two of the arbitrators certified at the same time with their award the principle of law on which they decided; and that the certificate showed that their award was against law. The action was against seven different insurance companies, they all having joined in the submission to the same arbitrators, and but one award being made. Each company appeared by its own attorney, and put in a separate demurrer, and the demurrers were sustained. Nothing was said in the opinion as to costs. The defendants entered up judgment with costs, without notice of settlement to the plaintiff.

> JONATHAN MILLER, *for plaintiff.*
> E. W. STOUGHTON, *for defendants.*

MITCHELL, Justice. It was irregular for the defendants to enter up judgment with costs, without notice of settlement to the plaintiff; the case was under the old system an equity case, and the costs were in the discretion of the court.

The defendants now claim that each one is entitled to full costs. The fact that the defendants are incorporated companies, and have each their own attorney, gives them no greater rights than private individuals have. Individuals who are in the habit of litigation, have each their own attorney, unless they be in partnership, and that is no reason why they should

each appear by separate attorneys where they have made their liabilities joint.

The costs being in this case in the discretion of the court, the regulation of them on equitable principles is also in its discretion. The arbitrators, by giving such certificate as they did, invited the plaintiff to appeal from their decision to an equitable tribunal to determine whether it should stand or not; and the defendants accepted the award with this invitation to dispute it as part of it. The plaintiff was, therefore, at least excusable in coming into court, and he should not be visited with excessive costs in consequence of the mode in which the defendants chose to conduct their defence. It will be enough if the costs of three of the defendants be adjusted, and allowed as the costs in the cause, and distributed among all the defendants as their attorneys may agree, or the court may direct if they do not agree; and this will be without any further extra allowance.

If the plaintiff wishes leave to amend his pleading, it must be on the terms of paying like costs accruing since the demurrer was served.

No costs are given on this motion.