BARTLE *et al. v.* GILMAN, &c.

The provision of the Revised Statutes ( 2 *R. S.*, 617, § 24 ) giving double costs to public officers, and in certain other cases, is not a statute establishing or regulating fees of attorneys, &c., and is not repealed by the Code.

APPEAL from an order of the general term of the Supreme Court, in the sixth district, affirming an order at special term granting the defendant double costs. on the ground that the action was brought for acts done by him as a public officer. The case was submitted on printed points.

*H. R. Mygatt*, for the appellants.

*James W. Glover*, for the respondent.

STRONG, J. The only question in this case is, whether the provisions of the Revised Statutes for the allowance of double costs, in cases like the present, are repealed by the Code.

The provisions of those statutes, concerning costs, are contained in chap. 10, part 3, vol. 2, p. 612. That chapter is entitled "Of costs, and the fees of officers," and has three titles. The first title relates to "the cases in which costs may be recovered, and in which double costs may be allowed;" and it gives double costs, among other cases, in

Bartle *v.* Gilman.

actions against public officers for or concerning any act done by such officer, by virtue of his office, when judgment is rendered for the defendant. The second title relates to "security for the payment of costs;" and the third is entitled "Of the fees of certain officers," and prescribes the fees to be allowed for services "done or performed in the several courts of law and equity in this state by the officers thereof," and, among other officers, by attorneys, solicitors and counselors. By the Code (§ 303), "all statutes establishing or regulating the costs or fees of attorneys, solicitors and counsel in civil actions, &c., are repealed, &c.; but there may be allowed to the prevailing party upon the judgment certain sums by way of indemnity for his expenses in the action, which allowances are in this act termed costs." It is then provided in what cases costs shall be allowed to the plaintiff, when to the defendant, and when to either party in the discretion of the court; and that the court may make an additional allowance in certain cases, not exceeding a certain rate. The costs are to be adjusted by the clerk on notice.

It is only the provisions of the Revised Statutes establishing or regulating the costs or fees of attorneys, solicitors and counsel that are expressly repealed by the Code, and those provisions are mostly at least, if not all of them, in the third title of chapter 10, above referred to. The Code does not profess to abrogate the other provisions of that chapter, and therefore does not do so, except so far as it may be inconsistent with them. Unless inconsistent, or in substance inapplicable, they are expressly retained. The sections as to security for suits are untouched by it, and so are all other sections which may operate in harmony with it. In regard to the section allowing double costs, it is in the first title of the chapter, and the language used is, that "such defendant," in the cases specified, shall "recover the amount of his taxed costs, and one-half thereof in addition," being what is called double costs, and by the next succeeding sec-

tion the double costs awarded shall be deemed to belong to such defendant. The attorney, solicitor or counsel has no right to them ; and it seems to be entirely clear, therefore, that the section allowing them is not a statute establishing or regulating the fees of those officers. The Code does not in direct terms repeal that section; and if there is any inconsistency between them, it must arise from the last clause in section 303 of the Code, that there may be allowed to the prevailing party certain sums by way of indemnity, termed costs, or from something peculiar in the general policy of the Code against making any difference in the rate of costs between cases generally and some of a special character. I do not think that any affirmative provision for an allowance of specified sums, under the name of costs, for expenses in cases generally, is inconsistent with a provision for further sums as costs in particular cases. The sums allowed by the Code are in fact costs as much as those which were given by former laws ; and the effect of the Code and the sections of the Revised Statutes as to double costs is, that in cases generally costs are allowed at a certain rate, but in specific cases at an increased rate. And there does not appear to be anything in the general policy of the Code as to costs which forbids a discrimination between cases as to the amount of allowance. The allowance of double costs, before the Code, was for the protection of officers whose duties peculiarly exposed them to suits, both from being harassed without cause, and from private loss on account of such suits — the state being under a special obligation to guard its public servants from annoyance and loss for acts in the course of their duties. (*McFarland* v. *Crary*, 6 *Wend.*, 302.) The propriety of this special protection to public officers, and obligation to afford it, are as great now as they were formerly.

There is nothing in the fact that the court may now make an additional allowance, in some cases, which manifests an intention to abolish the right to double costs under former

Bartle *v.* Gilman.

laws; nor is there anything in calling the taxation of costs by the clerk an adjustment, to interfere with the operation of the Revised Statutes giving double costs.

The order should be affirmed.

COMSTOCK, J. Upon the question whether the Code has repealed the provision of the Revised Statutes allowing double costs in certain cases, there have been numerous decisions in the different branches of the Supreme Court. These decisions have been on both sides, in number so nearly equal that it is impossible to find any decided preponderance of opinion. We are now called upon to settle this question. The way in which it is to be settled is of secondary importance.

It is always with great diffidence that I undertake to solve any of the innumerable doubts and difficulties which arise in the construction and practical working of the system of practice denominated "the Code." In the present instance, I am extremely liable to be wrong; but the inclination of my mind is, that the provision of law allowing double costs to be recovered in certain cases is still in force. Section 303 of the Code is the one on which the opposing view is based. Its language is as follows: "All statutes establishing or regulating the costs and fees of attorneys, solicitors and counselors in civil actions, and all existing rules and provisions of law restricting or controlling the right of a party to agree with an attorney, solicitor or counsel for his compensation, are repealed; and hereafter the manner of such compensation shall be left to the agreement, express or implied, of the parties. But there shall be allowed to the prevailing party upon the judgment certain sums by way of indemnity for his expenses in the action; which allowances are in this act termed costs." This section, it will be observed, repeals all statutes "establishing or regulating the costs and fees of attorneys," &c. If the provision of the Revised Statutes allowing double costs, is a statute of that

character, then most clearly it is repealed; but I do not think that it is. It declares (2 *R. S.*, 617, § 24) that in certain actions, of which those against public officers constitute one class, "if judgment be rendered for the defendant, upon verdict, demurrer, &c., such defendant shall recover the amount of his taxed costs, and one-half thereof in addition."

This provision, it seems to me, does not, in any proper sense, establish or regulate costs. The defendant, being a public officer, "*shall recover his taxed costs*, and *one-half*" *in addition thereto*. His right to costs is not determined by this section. When the right exists, it rests upon other provisions of law, under which he must be entitled to tax them before he can claim the addition. Nor is the amount regulated by this section. For the rates of taxation, reference must be had to another title of the Statutes, where those rates are prescribed for the different courts of the state. The right being determined and the amount regulated by other laws, this section merely increases that amount by the addition of one-half in favor of a particular class of litigants.

Again, if the provision for double costs can be said in any just sense to establish or regulate costs and fees, it is not the costs and fees of "attorneys, solicitors and counsel" which are thus established or regulated. The section following the one which has been referred to (2 *R. S.*, 617, § 25) declares that " when double or treble costs shall be awarded to any defendant, the same shall be deemed to belong to such defendant, and the counselors, attorneys and other officers who may have rendered any services in such action to such defendant, and the witnesses and jurors in such action, shall be entitled to receive and retain only the single costs allowed by law for their services, respectively." The repealing section of the Code only includes such statutes as establish or regulate the costs and fees of attorneys, solicitors and counselors. But the double costs, or additional one-half, belong exclusively to the public officer who is sued. The compensation of the attorney would seem to be in no

way affected by the provision. It is true that all costs are now, under the Code, declared to be an indemnity to the party for his expenses in the action, but this indemnity is due alike to all parties, as single costs were under the Revised Statutes, and I am satisfied, on the whole, that it takes the place of the single costs only which were allowed by the preceding law. Let the order appealed from be affirmed.

JOHNSON, Ch. J., expressed no opinion; HARRIS and PRATT, Js., dissented.

Order affirmed.