By the Court, Jones, J.
The question on this appeal is whether upon the principles of law applicable to the subject, the order was correct or not.
In the determination of the question it will be convenient, first, to ascertain what the rules were before the Code.
At common law a plaintiff could not discontinue without payment of costs, except upon leave granted by the court upon special motion. (Fifield v. Brown, 2 Cowen, 503.)
*663 The courts of common law have held that they will permit a discontinuance, without costs for the following causes: A discharge of the defendant in bankruptcy or in insolvency, or from imprisonment, where such discharge was either obtained after, or not known to the plaintiff to have been obtained until after, the commencement of the action. Inability of the defendant to pay any judgment that might be recovered, where such inability is manifested by any'of the above discharges or proceedings to procure them, and was not known to exist at the commencement of the action. "Where the defendant claims a personal exemption from suit, such as being a foreign consul. Where the defendant is sentenced to states prison and has no property. Where the defendant pleads infancy or coverture.
The reported decisions show that during a long series of years, extending from 1801 to 1848, the above were the only causes for which courts of law would allow a discontinuance without costs, except in actions where the plaintiff sued en autre droit, in which actions the courts were very liberal in granting leave to discontinue without costs, allowing it not only for the above specified causes, but also on an affidavit showing that the action was commenced in good faith, but that since its commencement it was ascertained it was by mistake wrongly brought, or that the evidence was insufficient, or that there was a good defense.
The causes for which leave will be granted should not be extended. So held when leave was asked to discontinue without costs, on the ground that the defendant pleaded the statute of limitations, which was denied. (Houseman v. Rosenfeld, 18 Abb. 379.)
It follows that viewing the present case as an action at law, the plaintiff not suing en autre droit, and not showing the existence of any one of the causes for which courts of law were accustomed to grant leave to discontinue without costs, would not under the law, applicable to actions at law, as it stood prior to the Code, have been allowed to discontinue, without costs.
*664 In equity, a plaintiff, according to the law and - practice ot this state, could not be allowed for any cause to dismiss his complaint, (the effect of which was the same as a discontinuance at law,) without costs, unless prima facie he' would not be liable for costs even though he failed in the suit.
This resulted from a statutory provision on the subject. As early as 4th Anne, an English statute was passed, providing that upon the “ plaintiff dismissing his own bill, or the defendant dismissing the same for want of prosecution, the plaintiff shall pay to the defendant his full costs, to be taxed.” Since the passage of that act, the court of chancery in England ‘never ventured, for any cause whatever, to allow a plaintiff, on motion, to dismiss the bill without costs, except in one case, where it was sought to evade the statute by moving that the defendant tile security for costs, or in default of his so doing, the bill be dismissed, without costs. • That case, however, has never been followed, not even by the learned chancellor who suggested the course to be pursued.
The words of this act of 4th Anne were copied into an act passed by the legislature of this state in 1787, and retained in all the revisions until the passage of the Revised Statutes, when the following addition was made, “ except in those cases where, according to the practice of the court, costs would not be awarded against such complainant upon a decree rendered on hearing the cause.”
Thus, then, the law, as enacted by the passage of the Revised Statutes, stood thus:- “Upon the plaintiff, in a-court of equity dismissing his own bill or petition, or upon the same being dismissed for want of prosecution, the plaintiff shall pay to the defendant his costs to be taxed;” (thus far the language is substantially the same as that of 4th Anne;) “except in those cases where, according to the practice of the court, costs -would not be awarded against such complainant upon a decree rendered on hearing of the *665 cause.” - This continues to he the statute law, to the present day, unless abrogated by the Code.
It is obvious, that the decisions of the English court of chancery upon the construction .to be given to the act of 4th Anne, and the practice to'be pursued thereunder, would have a controlling influence on the construction to be given to, and the practice to be had under, so much of our statute as is in the words of the 4th Anne. We consequently see that it soon became settled in our court of chancery, in conformity with the English decisions on the statute of 4th Anne, that under our statute a plaintiff could not be allowed for any cause whatever to dismiss his bill without costs, in any case other than those which, by the excepting clause, were taken out of the operation of the previous clause of the statute. The questions as to what construction should be given to that clause, and what cases fell within it, were soon mooted, and it was held that under its proper construction, it included those cases only, in which, prima facie, the complainant would not be liable for costs although he failed in the suit, as in the .case of an executor or administrator suing in right of his testator or intestate. (Hammersley v. Barker, 2 Paige, 372. Palmer v. Van Doren, 2 Edw. 384.) Ever since the decision of those cases it has been considered to be the settled practice of the court of chancery of this state not to allow a complainant on motion, to dismiss his own bill without costs, except in those cases where he files the bill era autre droit.
As the plaintiff did not bring the present action era autre droit, it follows that, viewing the action as one in equity, she could not, under the chancery practice, as it existed prior to the Code, be allowed to dismiss her bill, without costs. The question then arises, has the Code changed the former rules bearing on this subject?
The common law rule did not rest on any statutory provisions, but upon judicial decisions. The common law courts held that a party had no absolute right to costs until *666 Ms right to a recovery in the action was established by a verdict, nonsuit or some equivalent determination of the issue ; that consequently they had power at any time before such determination to allow a discontinuance without costs, but that such power should be controlled by a sound discretion, and should only be exercised under peculiar and extraordinary circumstances, and a course of decisions defined, as before shown, the causes for which such power might be exercised.
As the power was neither given nor limited by statute, it is clear, that whatever may be the legal effect of the repeal by one statute of a previous one, continuing or limiting a power, it can have no application here. It is obvious, that to work by statute such a change in the former rule, as that the courts would feel themselves bound to grant a rule for a discontinuance without costs, for causes other than those, for which they had been accustomed to grant such discontinuance, the statute must specially define the causes for which such discontinuance may be had, and render it the duty of the court to grant a rule for such causes.
A mere general provision that courts might; in their discretion, allow, for such causes as they saw fit, a party to discontinue, without costs, would give them no greater power than they had been theretofore constantly exercising. It would be merely declaratory of the common law rule, and by the rules of construction that obtain in such cases the previous decisions and practice as to the cases in which the court would exercise its discretion, so as to allow a discontinuance, without costs, would be held to be applicable under the statute, and to establish for what causes the court under the statute would allow such discontinuance. Having been unable to find any special statute regulating the causes for which the courts shall permit a discontinuance, without costs, I have come to the conclusion that in actions at law the former rule still prevails.
*667 As we have seen, the power of a court of equity to permit a plaintiff to dismiss his bill without costs was restricted by statute. If that statute is not repealed, the power is still so restricted. • There is no express repeal; and the point then arises as to whether there is not a repeal by implication.
' It is claimed that from the frame work of title 10 of the Code, equity actions fall within' section 306. This claim is undoubtedly correct; but it is further urged that, as by section 306, in the actions covered' by it, costs may be allowed or not in the discretion of the court, the former statute, restraining a court of equity from permitting a bill to be dismissed without costs, is repealed, because, by this section, the costs at all stages of the action are in the discretion of the court. I think this reasoning erroneous, and so thinking deem it unnecessary to pass on the point whether, assuming the conclusion to be correct, the court would, in equity cases, feel justified in granting the dismissal of a bill without costs, for causes other than those for which courts of" law have heretofore been accustomed to grant a discontinuance without them.
Having declared such claim erroneous, I will proceed to give my reasons therefor. All the sections contained in title 10, subsequent to the 303d, must be read in subordination “to it. That section, among other things, provides “ there may be allowed to the prevailing party, Upon the judgment, certain sums by way of indemnity for his expenses in the action; which allowances are in this act termed costs.” Having thus enacted that such prevailing party may in all cases be allowed costs, the Code proceeds, in subsequent sections, to designate in what cases the plaintiff, when he is so, shall be allowed costs as of course, and in what cases the defendant, when he is so, shall be allowed them of course. By an inspection of these sections it will be seen, that á large number of cases, (including equity actions,) in which, under section 303, costs may be allowed to the prevailing party, remain unprovided for. To pro *668 vide for those cases section 306 was inserted, making the allowance of costs therein not a matter of course, but-dependent upon the discretion of the court. The three sections were enacted for the purpose of creating a system, according to which, the costs which may by section 303 be allowed, might be, upon a recovery, decreed by the court to belong to either the plaintiff or the defendant, or to neither. As section 306 is, and was inserted in the Code as, a necessary part of this system, and must be read in connection with, and subordination to, section 303, which legislates only as to costs to be allowed on a judgment, an implication that it gives a discretion on the subject of costs, to be exercised otherwise than upon rendering judg-ment, cannot arise.
But it may be further urged:
1. That the provisions of the Code are a legislation on the whole subject of costs, and that consequently all former provisions which are omitted from the Code, are by such omission repealed.
2. That as section 2 of title 1 of chapter 10 of part 3 of the Revised Statutes, is substantially re-enacted by the Code, in section 306, while section 1 of the same title, which prohibits the dismissal of a bill in equity without payment of costs is omitted, there was an evident intention not to re-enact section 1, and therefore there is a repeal of it by implication.
The answer to the first objection is: That the provisions of the Code are not a legislation on the whole subject of costs. This is clearly shown by the opinion of the court in Bartle v. Gilman, (18 N. Y. Rep. 260,) in which case it was held that section 24 of said title 1, relating to double costs, was not repealed by the Code. So also it was held in Dresser v. Wicks, (2 Abb. 460,) that section 26 of said title was not repealed.
The answer to the second objection is: The Code makes provision simply as to what sums may be allowed for costs in actions generally, upon a recovery had; in what cases on *669 such recovery the plaintiff shall be entitled to them of course; in what cases the defendant on such recovery shall be entitled to them óf course; and in what cases on such recovery costs may be awarded or withheld in the discretion of the court. Section 1 of said title 1 of the Revised Statutes, makes provision as to the power of the court over costs prior to a recovery. ¡
The legislature might well argue that it was wholly unnecessary to insert any former provisions, which did not affect or relate to the particular subjects they were legislating on. As they will stand unaffected, it is superfluous to re-enact them. As the legislature might have reasoned thus, and as section 1 of such title 1 of the Revised Statutes, has no bearing on the particular subjects legislated on by title 10 of the Code, the conclusion that by the omission of that section from the Code, it was intended to. repeal it, cannot be arrived at.
We are referred to-the case of Gallaghan v. Egan, (2 Sandf. 742,) decided by this court, as being a direct adjudication that such section of the Revised Statutes, has been repealed by the Code. That was a special term decision. Although stated to have been made with the concurrence of all the judges, yet it is not equal in force to a general term decision, rendered after a more formal argument, than can be had at special term, and after each of the judges composing ■ the general term has carefully examined the case. On an appeal from that decision to the general term, the-judges before whom the appeal might have been argued would undoubtedly, notwithstanding the statement of their concurrence, have felt themselves perfectly at liberty to reverse the decision, if they thought a reversal called for. Of course we cannot regard it as controlling our decision in the case at bar.
But again; all that is contained in the decision on the subject under discussion is the following expression : “The provision of the Revised Statutes to which I was referred, *670 (2 R. S. 631, § 1,) is repealed by the Code of Procedure a bare statement of a conclusion, without any reasoning to support it. The view of the learned judge seems to have been that the Code had repealed generally all the provisions of the Revised Statutes upon the subject of costs ; a view which cannot be supported by reasoning, and has since been declared erroneous by the Court of Appeals, in Bartle v. Gilman, (18 N. Y. Rep. 260.)
I am clearly of opinion that as the law now stands, whether we view this action as one at law or in equity, the plaintiff cannot be permitted to discontinue without costs. The order must be reversed, with costs of appeal and costs of opposing the motion below.
Robertson, Ch. J.
Even before the adoption of the present' Code courts of law, as well as those of equity, relieved plaintiás from the payment of costs on discontinuing their actions, in some cases,- according to established rules; sometimes even compelling plaintiffs to discontinue without receiving them. (The People v. New York Superior Court, 19 Wend. 104.) The only established cases in which such privilege was given, were those in which (1.) The plaintiff" would be finally exempt from costs, as in cases of executors, (Arnoux v. Steinbrenner, 1 Paige, 82;) or (2,) the prosecution of the action would be rendered fruitless by matters beyond the plaintiff’s control, "and occurring without his fault; e. g. where the defendant was imprisoned for máme, or discharged as an insolvent, (Lackey v. McDonald, 1 Caines, 116; Steinbach v. Hallet, 1 John. 141;) or had a personal privilege, relieving him from liability, such as infancy, ( Van Buren v. Firt, 4 Wend. 209 ;) or was beyond the jurisdiction of the court, (Taacks v. Schmidt, 19 How. P. 412;) or (3,) when the defendant had appeared by fraud, (Waterbury Leather Manufacturing Co. v. Krause, 9 Abb. Pr. 175, note 4;) or where a decision had been reversed, or a law changed, on the strength of which the action was brought. But no case is to be found, where *671 an. inquiry into the whole merits was required, in order to determine the possible ultimate escape of the plaintiff from, paying costs.
Ho statute seems to have given costs to a defendant upon a voluntary or compulsory dismissal of a bill in equity until the passage of an act in 1787, revised 1813, which contained a general provisión, giving costs to the defendants in such cases. (2 N. Y. R. L. 346, § 16.) Yet subsequently thereto, previously established exceptions were re cognized, and such recognition was afterwards adopted by the revisers in 1830, and expressly incorporated in their revision, (2 R. S. 613, § 1,) in cases “ where according to the practice of the court, costs would not be awarded -against the complainant upon a decree or judgment, upon the hearing of the cause.” This received a judicial construction in Hammersley v. Barker, (2 Paige, 373,) by the late learned chancellor of this state. He expressly declared therein, “that it never could have been the intention of the legislature to compel a court to examine and decide upon the whole merits of the complainants’ original claim, for the purpose of ascertaining whether he would be liable for costs at the hearing;” and therefore construed such exceptions as only including cases “ where the complainant, prima facie, would not be liable for costs.” A trial of all the issues in an action, upon affidavits made ex parte, merely to decide the right to costs, would be a startling innovation, contrary to all the practice of the court. It would lead to harrassing a defendant by experiments, and to useless if not vexatious litigation. The defendant might be compelled to defend himself twice in one action, without a similar risk on the part of the plaintiff. . Both reason and authority are against any such privilege; and unless the authority of Hammersley v. Barker, (ubi supra,) can be shaken by some statutory change, its doctine must govern in this case.
In a case formerly decided at special term in this court, sanctioned by all the justices, in its conclusions, (Gallagher V. Egan, 2 Sandf. 743,) the learned justice who gave the *672 opinion, without noticing the provision of the Revised Laws of 1813, before cited, stated that the provision in the Revised Statutes before referred to, (vol. 2, p. 631, § 1,) had been repealed, but did not state when or how. It is certainly not inconsistent with any provision of the Code of Procedure, unless it be the 306th section, and if not inconsistent with that, it is still in full force, (§ 469.) The 304th and 305th sections of that Code, designate the kinds of actions in which the plaintiff or defendant succeeding is to be allowed costs, but that is only in case of a recovery. The 306th section leaves the allowance of costs in all other actions, (meaning of course on their final disposition,) after trial, or otherwise, to the discretion of the court. These three sections dispose of all questions of costs on final judgment. The actions intended to be embraced by such last section, (§ 306,) are held to be those in equity'. (Hinds v. Myers, 4 How. Pr. 356; Gallagher v. Egan, 2 Sandf. 742; Wood v. Brooklyn Fire Insurance Company, 10 How. Pr. 154; Sunney v. Roach, 4 Abb. Pr. 16; Eagleson v. Clark, 2 id. 364; Webb v. Daggett, 2 Barb. 10; O’Hara v. Brophy, 24 How. Pr. 379;) including of course, actions for the foreclosure of mortgages. (Bartow v. Cleveland, 16 How. Pr. 364.) There was therefore ample authority in the court to grant a discontinuance without payment of- costs in the case first referred tú, (Gallagher v. Egan,) the action in which was to foreclose a mortgage, if they could have done so, prior to the passage of the Code and the Revised Statutes. In that case the defendant, having bound himself to discharge the mortgage in question, offered to pay it without costs, but the original mortgagors and a judgment creditor, whose judgment had been paid, insisted on being paid their costs before a discontinuance was allowed. The court held substantially, that as they would not be entitled to any, except in case of sale and a fund brought into court, they were not entitled to prevent a discontinuance where the right to such sale was defeated by the payment of the debt. This was in accordance with all previous decisions, *673 and was not made upon the merits, since the plaintiff’s right was acknowledged, and he could gain nothing by going on with the action. A repeal of the provision of the Revised'Statutes already alluded to, (vol. 2, p. 613, § 1,) was not necessary to sustain such decision, and the remark of the learned judge to that effect may therefore be considered as a mere obiter dictum.
The repeal of all statutes establishing or regulating costs and fees of attorneys and others, in civil actions, by the first' paragraph of the 303d section of the Code, only extends to restrictions upon bargains between attorneys and clients, as it is immediately followed by an express renewal of them, and a declaration that the measure of the compensation of the former should be left to the agreement of both; and that is succeeded in the same section, by a provision giving what it calls costs, to the prevailing party, upon a j udgment, by way of indemnity for his expenses. But only upon a judgment. The whole section was evidently intended merely to make the costs allowed in a cause the property of the party, and not of his attorney, and not to repeal .prior provisions, as to costs, except as to their amount.
But even if the provisions of the Revised Laws of 1813, and Revised Statutes before referred to, had been repealed, yet if the discretion mentioned in the 306th section of the Code could be exercised in regard to the discontinuance of actions, as well as the determination of them, such discretion could not be prudently exercised in undertaking to anticipate what would be the judgment of the court on a trial by witnesses examined viva voce, and subjecting the defendant to the expense and annoyance of a double trial, in the action, and it never was exercised to that extent before any statutory regulation on the subject.
Moreover, this action was one of a legal as well as an equitable nature. The plaintiff demanded as relief, the reimbursement of a tax paid, which she claimed under the agreement, if reformed. The 304th section of the Code specifies as one of the kinds of action, in which the plaintiff *674 must be allowed costs, those which .are “ for the recovery of money,” provided he recover fifty dollars; and the next section gives costs to the defendant in the same actions, unless the plaintiff be entitled to them. In this 'case the plaintiff demanded and must have recovered, if any thing, over fifty dollars, on the trial of the issues, or have failed i.n her action, altogether. There was therefore no discretion vested in the court, as to the allowance of costs, if the case had gone on to trial.
Ho opinion was given on the decision .of the motion, but the only reason urged before us for the right to discontinue without cost's was, that it being an equitable action, the court, on the trial, had a discretion to exempt the plaintiff from costs. This, on settled principles, they would have no right to do as a matter of course; but no answer was made to the objection that being also an action for the recovery of money, and the plaintiff, therefore, necessarily entitled to costs if she succeeds, she is also bound to pay them, if she fails.
For both reasons, the order appealed from must be reversed, with costs.