By the Court.—Andrews, J.
The right to recover costs in an action is statutory. Unless the party claiming them can show a statute in his favor, he must fail.
If in this case the defendant was entitled to costs, it is by force of the provisions of the Code of Procedure, or for the reason that they were given by the Revised Statutes, and that these statutes have not, in this respect, been repealed.
Title 10 of the Code of Procedure is entitled “of the costs in civil actions.” And the first section repeals all statutes establishing or regulating the costs of attorneys, solicitors, and counsel in civil actions, and all rules and laws restricting or controlling the right of a party to agree with an attorney, solicitor or counsel, for his compensation.
The next section (304), prescribes the cases when the plaintiff in that class of actions known as common law actions, shall, upon recovery, be entitled to costs. And among those enumerated, is the action to recover possession of personal property. And his right in this case is'qualified by the provision, that if the plaintiff recover less than fifty dollars damages, he shall recover no more costs than damages, unless he recover property, or the possession of property be adjudged to him, the value of which, with the damages, amounts to fifty dollars.
Section 305 prescribes the cases in which the de *313 fendant, upon recovery, shall be entitled to costs, and declares that costs shall be aEowed of course to the defendant in the actions mentioned in the last section (304), unless the plaintiff be entitled to costs therein.
Another section provides, that in other actions costs shaE be aEowed, in the discretion of the court (§ 306).
In this case, the plaintiff recovered some of the specific articles of personal property, to recover which, the action was brought.
The jury assessed the value of the articles so recovered by him at one thousand eight hundred and sixteen doEars and fifty cents, and nominal damages for the detention.
The jury also found for the defendant as to the remaining property- claimed in the complaint, and assessed its value at two thousand three hundred and thirty-eight doEars and six cents, with twenty-five dollars damages for the detention.
The- language of the Code plainly determines the right of the parties in respect to costs.
The plaintiff had, in an action to recover the possession of personal property, recovered property exceeding fifty doEars in value, and, by section 304, was entitled to costs.
The defendant had also recovered in the same action, property exceeding fifty doEars in value, but he was not'entitled to recover costs, for the plaintiff was entitled to costs in the action, and upon the absence of such right in the plaintiff, the right of the defendant to costs depended.
It is claimed, however, that by the Revised Statutes the defendant was in such case entitled to costs, as well as the plaintiff, and that the provisions of those statutes by which such costs were given, are still in force.
Those provisions are contained in chapter 10, part 3, vol. 2, p. 618.
Title 1, of that chapter is entitled: “ Of the cases in *314 which costs may be recovered,” &c. (2 Rev. Stat., 612), and, by section 26, it is provided in substance, that when there are several issues joined in any cause, and there are two or more distinct causes of action in separate counts, the plaintiff shall recover costs on those issues which are found for him, and the defendant on those found for him.
It was held in Seymour v. Billings (12 Wend., 285), upon this statute, that in replevin, when there was a recovery by both parties, as in this case, each party was entitled to recover costs against the other ; the declaration, although it contained only one count for a variety of articles, being regarded, for the purpose of costs, as containing two distinct counts for the repective parcels of property. If this section of the Revised Statutes is now in force, then it would follow that in any common law action, where there are several counts containing distinct causes of action, and issue joined thereon, each party would be entitled to costs, as against the other, upon the issues upon which he succeeded.
This is opposed, we think, to the general practice, and to the clear implication from the language of the Code limiting the recovery of costs in an action to one of the parties.
In comparing the title of the Revised Statutes to which we have referred, with title 10 of the Code, it will be seen that in the main each had the same object, viz : to prescribe the cases in which, and the parties to whom, costs should be allowed,t and, so far as the provisions of the Code relate to the same subjects as were regulated by the Revised Statutes, the latter must be deemed to be superseded by the former.
It was held in Bartle v. Gilman (18 N. Y., 260), that the provisions of the Revised Statutes giving double costs in certain cases, were not repealed by the Code.
They were regarded as not inconsistent. The allow *315 anee of double costs in suits against public officers is based upon peculiar considerations, and designed to operate as a protection and a penalty; but we think that in general the Code should be held to furnish the rule by which the right to costs in a given case, is to be determined.
There is no hardship in the application of this rule in this case.
The defendant could have made an offer of judgment according to the rights of the respective parties in the property claimed, and thus protected himself against the costs of the subsequent litigation (Code, tit. 12, ch. 4).
The order appealed from should be affirmed with costs.
All the judges concurred.
Order affirmed with costs.